**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern      District of    New York
                             (State)

Case number (*If known*): _____    Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**    Breitburn Energy Partners LP

**2. All other names debtor used in the last 8 years**    BreitBurn Energy Partners L.P.

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)    74-3169953

**4. Debtor's address**

**Principal place of business**

707 Wilshire Boulevard, Suite 4600
Number      Street

Los Angeles    CA    90017
City            State   ZIP Code

Los Angeles
County

**Mailing address, if different from principal place of business**

Number      Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    ZIP Code

**5. Debtor's website** (URL)    www.breitburn.com

**6. Type of debtor**
☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☒ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    Page 1

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:*<br><br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br><br>☐ Tax- entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>**2111** |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br><br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply*:<br>　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ A plan is being filed with this petition.<br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes  District _____  When _____  Case number _____<br>　　　　　　　　　　　　　　　MM/ DD/ YYYY<br>　　　District _____  When _____  Case number _____<br>　　　　　　　　　　　　　　　MM / DD/ YYYY |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes  Debtor  See attached Schedule 1   Relationship _____<br>　　　　District _____                  When _____<br>　　　　Case number, if known _____              MM / DD/ YYYY |

| | |
|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>Number     Street<br>_____<br>City        State       ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>      Contact Name _____<br>      Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49         ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99        ☐ 5,001-10,000       ☒ 50,001-100,000<br>☐ 100-199      ☐ 10,001-25,000      ☐ More than 100,000<br>☐ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☐ $100,000,001-$500 million    ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☐ $100,000,001-$500 million    ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  May 15, 2016
             MM / DD / YYYY

✗  /s/ James G. Jackson                                James G. Jackson
   Signature of authorized representative of debtor    Printed name

   Executive Vice President and Chief Financial Officer
   Title

**18. Signature of attorney**

✗  /s/ Ray C. Schrock, P.C.                            Date  May 15, 2016
   Signature of attorney for debtor                          MM / DD / YYYY

   Ray C. Schrock, P.C., Stephen Karotkin
   Printed Name

   Weil, Gotshal & Manges LLP
   Firm Name

   767 Fifth Avenue
   Number        Street

   New York                              NY                      10153
   City                                  State                   ZIP Code

   (212) 310-8000                        ray.schrock@weil.com; stephen.karotkin@weil.com
   Contact phone                         Email address

   4860631 / 1540046                     New York
   Bar Number                            State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Breitburn Operating LP | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Energy Partners LP | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Management Company LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Operating GP LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Finance Corporation | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn GP LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Sawtelle LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Oklahoma LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Phoenix Production Company | 16-_____( ) | May 15, 2016 | New York | Pending |
| QR Energy, LP | 16-_____( ) | May 15, 2016 | New York | Pending |
| QRE GP, LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| QRE Operating, LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Transpetco LP LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Transpetco GP LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Transpetco Pipeline Company, L.P. | 16-_____( ) | May 15, 2016 | New York | Pending |
| Terra Energy Company LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Terra Pipeline Company LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Breitburn Florida LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Mercury Michigan Company, LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Beaver Creek Pipeline, L.L.C. | 16-_____( ) | May 15, 2016 | New York | Pending |
| GTG Pipeline LLC | 16-_____( ) | May 15, 2016 | New York | Pending |
| Alamitos Company | 16-_____( ) | May 15, 2016 | New York | Pending |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
**In re**                                             :
                                                      :    **Chapter 11**
**BREITBURN ENERGY**                                  :
**PARTNERS LP,** *et al.*,                            :    **Case No. 16-_____ (___)**
                                                      :
         **Debtors.**                                 :    **(Joint Administration Pending)**
                                                      :
------------------------------------------------------x

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-33055.

2. The following financial data is the latest available information and refers to the debtor's condition on March 31, 2016.

a.  Total assets                                                          approx. $4,715,386,000

b.  Total debts (including debts listed in 2.c., below)                   approx. $3,412,503,000

c.  Debt securities held by more than 500 holders

|   |   |   |   |   | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | |

d.  Number of shares of preferred stock:                                  Series A: 8,000,000, Series B: 49,649,691

e.  Number of shares common stock                                         213,789,296

         Comments, if any: _____
_____
_____

3. Brief description of debtor's business: Breitburn Energy Partners LP and its wholly-owned direct and indirect subsidiaries are an independent oil and gas partnership engaged in the acquisition, exploitation and development of properties in the United States that bear oil, natural gas, and "NGL," a combination of ethane, propane, butane and natural gasolines that when removed from natural gas become liquid under various levels of higher pressure and lower temperature.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: EIG Redwood Equity Aggregator LP

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
BREITBURN GP LLC
THE GENERAL PARTNER OF
BREITBURN ENERGY PARTNERS LP**

Effective as of this 15th day of May, 2016, pursuant to a special meeting on the same date, the members constituting at least a majority of the votes of a quorum of the Board of Directors (the "**Board**") of Breitburn GP LLC (the "**General Partner**"), the general partner of Breitburn Energy Partners LP (the "**Partnership**"), a Delaware limited partnership, upon a motion duly made and seconded and acting pursuant to the Partnership's and the General Partner's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Partnership and the General Partner regarding the liabilities and liquidity of the Partnership and the General Partner, the strategic alternatives available to them and the impact of the foregoing on the Partnership's and the General Partner's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Partnership and the General Partner to fully consider each of the strategic alternatives available to the Partnership and the General Partner; and

**WHEREAS**, the Board desires to approve the following resolutions.

**I.**     **Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Partnership and the General Partner, that it is desirable and in the best interests of the Partnership and the General Partner, its creditors, and other parties in interest that petitions be filed by each of the Partnership and the General Partner seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the General Partner (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Partnership and the General Partner, and under its seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with each of the Partnership's and the General Partner's chapter 11 cases (each, a "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set

forth in this resolution, with a view to the successful prosecution of each Chapter 11 Case; and be it further

## II.     Debtor-in-Possession Financing

**RESOLVED**, that in connection with each Chapter 11 Case, it is in the best interests of the Partnership and the General Partner that Breitburn Operating LP (the "**Borrower**") engages in, and from which the Partnership and the General Partner will obtain benefits, that certain superpriority secured debtor-in-possession credit facility in an aggregate principal amount of up to $150,000,000 to be evidenced by that certain Debtor-in-Possession Credit Agreement, to be entered into by and among the Borrower, the Partnership, the lenders from time to time party thereto (the "**Lenders**"), and Wells Fargo Bank, National Association as administrative agent (in such capacity, including any successor thereto, the "**Agent**") and as collateral agent (in such capacity, including any successor thereto, the "**Collateral Agent**") for the Lenders (together with the exhibits and schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Partnership and the General Partner (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the provision of guaranty by the Partnership and/or the General Partner to support the loans under the DIP Credit Agreement, substantially in the form presented to the Board, (ii) the Guaranties (as defined in the DIP Credit Agreement) and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Partnership and the General Partner's performance of its obligations thereunder, including the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Partnership and/or the General Partner, to cause the Partnership and the General Partner to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of the Partnership and/or the General Partner under its seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that each of the Partnership and the General Partner be, and hereby is, authorized to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security or guaranty thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

**RESOLVED**, that the Partnership, the General Partner and any Authorized Officer, in the name and on behalf of the Partnership and/or the General Partner, are hereby authorized, empowered and directed to execute, deliver and grant a guarantee and security interests in, and liens on, any and all property of the Partnership and the General Partner as collateral pursuant to the DIP Financing Documents to support and secure all of the obligations and liabilities of the Partnership and the General Partner thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Partnership and/or the General Partner, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Partnership and/or the General Partner, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Partnership and the General Partner's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Partnership and/or the General Partner, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### III.    Retention of Advisors

**RESOLVED**, that the firm of Alvarez and Marsal North America, LLC, located at 600 Madison Avenue, 8th Floor, New York, NY 10022, is hereby retained as financial advisor for the Partnership and the General Partner in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Lazard Frères & Co. LLC, located at 30 Rockefeller Plaza #5440, New York, NY 10020, is hereby retained as investment banker for the Partnership and the General Partner in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Partnership and the General Partner in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

### IV.    General Authorization and Ratification

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Partnership and the General Partner, to cause the Partnership and the General Partner to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals

or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Partnership and the General Partner in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED**, that, to the extent the General Partner or Partnership serves as (i) the sole member, (ii) general partner, (iii) manager, (iv) managing member, (v) member, or (vi) other governing body (collectively, a "Controlling Company"), in each case, of any subsidiary or affiliate of the General Partner or Partnership (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, is hereby authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above), to (i) authorize such Controlled Company to take any action that the General Partner and/or Partnership is authorized to take hereunder and/or (ii) take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of the Partnership, General Partner or such Controlling Company.

**CERTIFICATE OF RESOLUTIONS**

May 15, 2016

The undersigned, James G. Jackson, an Authorized Officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

A. Breitburn Energy Partners LP; Breitburn Operating LP; QR Energy, LP; and Transpetco Pipeline Company, LP, each a Delaware limited partnership;

B. Breitburn Florida LLC; Breitburn GP, LLC; Breitburn Management Company LLC; Breitburn Oklahoma LLC; Breitburn Operating GP LLC; Breitburn Sawtelle LLC; Breitburn Transpetco GP LLC; Breitburn Transpetco LP LLC; QRE GP, LLC; and QRE Operating, LLC, each a Delaware limited liability company;

C. Breitburn Finance Corporation, a Delaware corporation;

D. Beaver Creek Pipeline, L.L.C.; Mercury Michigan Company, LLC; Terra Energy Company LLC; and Terra Pipeline Company LLC, each a Michigan limited liability company;

E. Phoenix Production Company, a Wyoming corporation;

F. Alamitos Company, a California corporation; and

G. GTG Pipeline LLC, a Virginia limited liability company.

hereby certifies as follows:

A. I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B. Attached hereto is a true, complete and correct copy of the Resolutions and/or Written Consents adopted by the Board of Directors, the General Partner, the Member, the Manager, or the Board of Managers, as applicable, duly adopted in accordance with each Company's bylaws, limited liability company agreement, limited partnership agreement or other organizational documents, as applicable; and

C. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

> By:     /s/ James G. Jackson
>             Name: James G. Jackson
>             Title: Executive Vice President and Chief Financial Officer, Breitburn GP LLC

[*Signature Page to Certificate of Resolutions*]

Debtor: Breitburn Energy Partners LP

Case number (if known): _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 7 | PIPECO SERVICES LP DBA PIPECO SERVICES<br>20465 STATE HWY 249<br>SUITE 200<br>HOUSTON, TX  77070 | STEVE TAIT<br>EMAIL -  STAIT@PIPECO.COM<br>PHONE - 281-955-3500<br>FAX - 281-955-3525 | Trade Debt | Contingent | | | $336,952 |
| 8 | MCVAY DRILLING COMPANY<br>401 EAST BENDER<br>PO BOX 2450<br>HOBBS, NM  88241 | PHONE - 575-397-3311<br>FAX - 575-393-7455 | Trade Debt | Contingent | | | $330,268 |
| 9 | ARCHROCK PARTNERS<br>16666 NORTHCHASE DRIVE<br>HOUSTON, TX  77060 | D. BRADLEY CHILDERS<br>PHONE - 281-836-8000<br>FAX - 281-248-4388 | Trade Debt | Contingent | | | $197,105 |
| 10 | COMPRESSCO PARTNERS L.P.<br>3809 SOUTH FM 1788<br>MIDLAND, TX  79706 | TIMOTHY A. KNOX<br>PHONE - 432-563-1170<br>FAX - 432-561-9732 | Trade Debt | Contingent | | | $148,750 |
| 11 | XTO ENERGY INC<br>810 HOUSTON ST.<br>FORT WORTH, TX  76102-6298 | RANDY J. CLEVELAND<br>PHONE - 817-870-2800<br>FAX - 817-870-1671 | Trade Debt | | | | $148,689 |
| 12 | OIL WELL SERVICE COMPANY<br>10840 NORWALK BLVD<br>SANTA FE SPRINGS, CA  90670 | PHONE - 562-595-4501<br>FAX - 562-325-8919 | Trade Debt | Contingent | | | $136,355 |
| 13 | CUDD PRESSURE CONTROL INC<br>15015 VICKERY DRIVE<br>HOUSTON, TX  77032 | RAY SALIBA<br>PHONE - 832-295-5555<br>FAX - 832-295-4555 | Trade Debt | | | | $126,100 |
| 14 | BASIC ENERGY SERVICES LP<br>801 CHERRY STREET<br>SUITE 2100, UNIT #21<br>FORT WORTH, TX  76102 | T. M. "ROE" PATTERSON<br>EMAIL - INFO@BASICENERGYSERVICES.COM<br>PHONE - 817-334-4100<br>FAX - 817-334-4101 | Trade Debt | Contingent | | | $125,375 |
| 15 | C & J SPEC RENT SERVICES INC<br>3990 ROGERDALE<br>HOUSTON, TX  77042 | RANDY MCMULLEN, JR.<br>PHONE - 713-325-6000<br>FAX - 713-325-5933 | Trade Debt | | | | $122,621 |
| 16 | TRANSMONTAIGNE PARTNERS LP<br>1670 BRODWAY SUITE 3100<br>DENVER, CO  80202 | FREDERICK W. BOUTIN<br>EMAIL - FBOUTIN@TRANSMONTAIGNE.COM<br>PHONE - 303-626-8200<br>FAX - 303-626-8228 | Trade Debt | Contingent | | | $109,500 |
| 17 | BADGER FISHING AND RENTAL LLC<br>1618 E. CARDWELL ST.<br>BROWNFIELD, TX  79316 | CHANCE POTTER<br>PHONE - 806-893-0523 | Trade Debt | Contingent | | | $105,818 |
| 18 | TOTAL ENERGY SERVICES<br>100 NORTH FREEWAY<br>SUITE 100<br>CONROE, TX  77301 | L.D. (DAVE) SIMON IV<br>EMAIL - DSIMON@TOTALENERGYSERVICES.US<br>PHONE - 936-756-8900<br>FAX - 936-756-1900 | Trade Debt | Contingent | | | $105,611 |
| 19 | FREDA'S TRUCKING SERVICE, LLC<br>3404 CR B-3300<br>LENORAH, TX 79749 | JOSHUA L ALLEN<br>EMAIL - FREDASTRUCKINGSERVICE@YAHOO.COM<br>PHONE: 432-459-2374<br>FAX - 432-459-2374 | Trade Debt | Contingent | | | $103,965 |

Debtor   Breitburn Energy Partners LP
         Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| 20  GESCH CONTRACTING INC<br>1301 S COUNTY ROAD 1082<br>MIDLAND, TX 79706 | PHONE - 432-218-9849<br>FAX - 432-686-2616 | Trade Debt | | | | $100,709 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Breitburn Energy Partners LP

United States Bankruptcy Court for the: Southern  District of  New York
                                                                                                       (State)

Case number (If known): _____

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 15, 2016      × /s/ James G. Jackson
            MM/DD/YYYY       Signature of individual signing on behalf of debtor

                                                 James G. Jackson
                                                 Printed name

                                                 Executive Vice President and Chief Financial Officer
                                                 Position or relationship to debtor