UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                        :
In re:                                                  :        Case No. 16-11390 (SMB)
                                                        :
BREITBURN ENERGY PARTNERS, L.P. *et al.*[1]   :        Chapter 11
                                                        :
            Debtors.                                    :        (Jointly Administered)
---------------------------------------------------------------X

## ORDER REGARDING *SUA SPONTE* CONSIDERATION OF RECUSAL

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

Weil, Gotshal & Manges LLP ("Weil") represents Breitburn Energy Partners, L.P. and its affiliated debtors (collectively, the "Debtors"). My wife was an equity partner at Weil prior to her retirement on September 30, 2015. For the reasons set forth on the record on May 16, 2016, and below, I conclude that my wife's connection to Weil, including the receipt of retirement benefits and the return of her capital, does not mandate my recusal from this case.

## BACKGROUND

Weil filed petitions for relief on behalf of the Debtors under chapter 11 of the Bankruptcy Code on May 15, 2016. Weil also filed various "first day" motions on behalf of the Debtors and appeared before the Court to prosecute those motions on behalf of the Debtors at the first day

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Breitburn Energy Partners LP (9953); Breitburn GP LLC (9948); Breitburn Operating LP (5529); Breitburn Operating GP LLC (5525); Breitburn Management Company LLC (2858); Breitburn Finance Corporation (2548); Alamitos Company (9156); Beaver Creek Pipeline, L.L.C. (7887); Breitburn Florida LLC (7424); Breitburn Oklahoma LLC (4714); Breitburn Sawtelle LLC (7661); Breitburn Transpetco GP LLC (7222); Breitburn Transpetco LP LLC (7188); GTG Pipeline LLC (3760); Mercury Michigan Company, LLC (3380); Phoenix Production Company (1427); QR Energy, LP (3069); QRE GP, LLC (2855); QRE Operating, LLC (9097); Terra Energy Company LLC (9616); Terra Pipeline Company LLC (3146); and Transpetco Pipeline Company, L.P. (2620). The Debtors' mailing address is 707 Wilshire Boulevard, Suite 4600, Los Angeles, California 90017.

hearing held on May 16, 2016.  A debtor is a "party in interest" in the chapter 11 cases, 11

U.S.C. § 1109(b), and I assume for the purpose of this decision that each Debtor is a "party to the

proceeding" within the meaning of 28 U.S.C. § 455.  *Cf.* JCUS Comm. on Codes of Conduct,

Advisory Op. No. 100 (June 2009) ("[T]he following participants should be considered parties

for these purposes: the debtor; a trustee; parties to an adversary proceeding; and participants in a

contested matter.  These entities occupy a central role in the proceedings or are actively involved

in matters requiring judicial adjudication.") (interpreting Canon 3C).  Accordingly, Weil will

represent parties to the bankruptcy case, and assuming it is retained pursuant to 11 U.S.C.

§327(a), will seek compensation subject to this Court's approval.

My wife was an equity partner in Weil from 1999 until her retirement on September 30,

2015.  She no longer works at Weil and does not maintain an office there.  She has no interest or

equity in the firm.  She receives retirement benefits in the form of monthly pension payments

under various pension plans, one or more of which is ultimately funded by Weil.  The aggregate

amount of her monthly pension payments is fixed, is not subject to any cost-of-living or similar

upward adjustment and will not change during her lifetime.  In addition, my wife will receive the

return of her capital over the next approximate four years.  The principal amount is also fixed but

will earn interest based on the Prime Rate during the repayment period.  Finally, she does not

have any direct ownership interest or involvement in the affairs of the Debtors' or any other

party in the case.

## DISCUSSION

For the reasons stated in *In re SunEdison, Inc.*, Case No. 16-10992 (SMB), 2016 WL

2849482 (Bankr. S.D.N.Y. May 10, 2016), I conclude that my disqualification is not required

under 28 U.S.C. § 455 because (1) my wife does not hold a financial interest in the subject

matter of the Debtors' cases or in a party to the proceeding, *see* 28 U.S.C. § 455(b)(4); (2) she

does not have any other interest that could be substantially affected by the outcome of the

Debtors' cases or Weil's retention and compensation, *see* 28 U.S.C. § 455(b)(4), (b)(5)(iii); and

(3) her status as a retired Weil partner does not raise a reasonable question about my

impartiality. *See* 28 U.S.C. § 455(a).


     So ordered.


Dated: New York, New York
       May 18, 2016


           /s/ *Stuart M. Bernstein*
           STUART M. BERNSTEIN
           United States Bankruptcy Judge