UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT
OF NEW YORK

------------------------------------------------------------x

In re:                                          Chapter 11

         Debtors                                Case No. 16-1139-smb

BREITBURN ENERGY
PARTNERS LP, ET AL.,

------------------------------------------------------------x

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED

**APPEARANCES:**

Felicia Pierce

Pro, Se
9764 Water Tree Dr.
McKinney, TX 75070
469-742-3653

Section 362(j) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") allows any party in interest to request, by *ex parte* application, that an order be issued "confirming that the automatic stay has been terminated" pursuant to 11 U.S.C. § 362(c). *See* this Court's decision in *In re Parker*, 336 B.R. 678 (Bankr.S.D.N.Y. 2006). Section 362(j) provides a very limited and specific type of relief. It does not authorize the Court to make determinations as to other facts or to order other prospective relief, such as whether a particular creditor will be bound by subsequent confirmation of a Chapter 13 plan, or whether a creditor is entitled to an award of attorneys' fees in connection with a Section 362(j) application. The Court's role under Section 362(j) is limited

to a review of objective criteria in the public record, and Section 362(j) does not provide for a declaration of any individual creditor's rights. In the instant case, Felicia Pierce "pro se" (the Movant.") has submitted a request pursuant to Section 362(j), along with a proposed order. The Court finds that, pursuant to 11 U.S.C. §362© (3), the automatic stay terminated twenty-one days after the petition was filed because the Debtor had one other case pending in the prior to the present filing. However, because the Movant's submitted order contains more than mere clerical errors, the Court did not sign the order submitted by Movant.[1] Nor will the Court consider Movant's request for a determination that it will not be bound by any Chapter 11 confirmation plan pursuant to 1107 (a) and 1108 of the "**Bankruptcy Rules**

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 11 U.S.C. § 4001(a) and 9014 hearing motion for relief from the automatic stay pursuant to Section 362(b) of Bankruptcy Code. This is a core proceeding pursuant to 11 U.S.C Section 362(b).

## BACKGROUND FACTS

In the summer of June 2015 I, Plaintiff Felicia Pierce, pro se (Cause #2015-1679-CCL2, Gregg County, Texas) along with other family members and heirs of Lettuce Beall Oliver informed Breitburn Energy Partners et al (herein after called Breitburn), that they were in trespass of our property. Since the lease was not made under our heirship, Breitburn et al was stealing oil from our family and making payments to the wrong heirs. Court filed documents along with penal codes of Texas Law, that supports our argument in the real property of P.W. Warraner Survey located in Gregg County, Texas of 366.7 acers more or less, were immediately provided to them. The company was informed via electronic mail and regular

- 8 -

postal mail addressed to Breitburn attorney Gregory Brown; (head counsel in Los Angeles, California). Prior to the information forwarded to Mr. Brown, Breitburn head Landman, Pat Barrett stated they (Breitburn) never completed a title opinion after being offered a package deal from Sinclair (herein after called BP). Being offered the package deal and sub-lease agreement only provided an opportunity for them to compare our documents to an incomplete 1930 title opinion from a prior oil company who by artful tactics stole our property via Adverse Possession. Breitburn continued to pay the wrong alleged owners and has decided to continue in their fraudulent acts of trespassing on and stealing from our minerals while invading our inherited interests. Their head Landman Pat Barrett stated in a physical meeting that he knew of a possible cloud on the title and he also stated that he tried to find more information concerning the property without success. Pat Barrett is no longer with the company and was dismissed a few weeks after our visit to Breitburn headquarters in Houston, TX. In September of 2015 we filed a lawsuit to real property against all defendants in possession of our property and added Breitburn Energy, Partners LP et al. After hearing our case several times and adding and dismissing a couple of defendants our final hearing was cancelled due to Breitburn filing Chapter 11 bankruptcy. Our case is at a stay due to the circumstances created by Breitburn decision. Our civil case in Texas is concerning real property with conspiracy to steal oil while trespassing on our property which we hold both top surface and mineral interest in. I was ordered by the judge to add all persons who may hold a potential interest in or possession of our minerals and land in order to move forward with the merits of the case, but now we are unable to receive a fair hearing due to Breitburn Energy Partners Et al's Chapter 11 Bankruptcy claim. If the Motion to Lift Stay is not granted, we will suffer more damages, mental anguish, violations of our constitutional rights to have control over our property. They will continue to steal from our family and trespass on

our property while keeping us from regaining possession of the property which was unlawfully severed by an invalid claim of adverse possession. Breitburn has attempted to avoid us on several occasions, which are mentioned herein. After our meeting in Breitburn's office on June 24th 2015, we were told to give them two weeks to review the information provided to them, within less than two weeks, exactly 6 days later on June 30th, 2015, Breitburn is shown to have filed a mortgage with US Bank, National Association under a Deed of Trust into the Gregg County, Texas property records creating a lien on our property. We were also told by their attorney, Mr. Gregory Brown that we needed to file a complaint or lawsuit against the heirs whom they (Breitburn) were paying royalties to in order to receive a judgement. When informed by the judge that I needed to add any and all individuals who claimed a potential interest as a party to the lawsuit, I served citation along with the 10th Amended Petition on Breitburn Operating, LP (whom is in possession of our minerals) and their affiliated entities to be added as defendants by process server on May 9th 2016, giving them an answer date of May 30th 2016. On May 15th, 2016 Breitburn Energy and its affiliated entities filed for bankruptcy. May 24th, 2016 an answer was submitted by Don Westbrook, their attorney for this cause. Within their answer was a General Denial and a Plea in Abatement to pause this lawsuit based on the 4th Amended Petition which was submitted months before Breitburn was ever added as defendants to this cause, without any mention or reference to the 10th Amended Petition which they were served and which is superior to the 4th Amended Petition they claimed abatement under. A hearing was scheduled to be heard for May 31st 2016 for a Motion of Summary of Judgement and Service by Publication which would give me the opportunity to add more than 70 other potential parties as defendants to the cause. However, later the judge cancelled the hearing due to Breitburn attorney for this cause submitting a delayed response that Breitburn filed for bankruptcy on May 15th 2016. The

- 8 -

defendants may conclude this as speculation, but the history of our claim and their avoidance is more than obvious. The conspiracy to steal, commit intentional fraud and continue to trespass documents will be attached with this notice, which includes our Tenth Amended Petition, Texas Civil Rules, Communication logs via email to and from Breitburn and all Texas Railroads Commission's documents which have been provided to us which shows the length of time Breitburn Operating, LP, an entity of Breitburn Energy Partners, LP were on our property, Trust Deed and the Judge's order to stay. At this time the top surface possessors have no interest or privity with the mineral possessors (i.e. Breitburn Operating, LP et al) and vice versa, but the Chapter 11 Bankruptcy stay on our case has stopped us from implementing our constitutional rights and the opportunity to regain even our top surface estate which we were dispossessed of. I am not a creditor who has a secure or unsecured lease or contractual agreement with Breitburn Energy Partners, LP or its affiliated entities (including Breitburn Operating, LP), nor am I a business or corporation who has lent money to them. I am an individual with constitutional rights, seeking the opportunity to defend those rights which have been violated by a corporation and continuously being violated with the stay. I am a man or woman who is owed monetary gain due to an unlawful and intentionally wrongful act committed by Breitburn.

- **LIFTING THE STAY WILL ALLOW GREGG COUNTY, TEXAS COURTS TO CONTINUE TO HEAR ALL MERITS ON THE ISSUES BETWEEN BREITBURN ET AL AND FELICIA PIERCE (FACTOR ONE)**

  ❖ This court can completely resolve the issues between the parties by

- 8 -

lifting the automatic stay. The only issues that exist between the *Movant and the Debtors are trespassing on real property and conspiracy* to steal minerals and the misuse of the monetary funds that are being withheld and/or distributed incorrected. If the court lifts the stay and allows the Movant to proceed with her trespass to try tile case to real property, the relationship between the Movant and the Debtor will be terminated. Thus the first factor favoring the lifting of the stay.

- **LIFTING THE STAY WILL NOT INTERFERE WITH THE CHAPTER ELEVEN BANKRUPTCY CASE (FACTOR TWO)**

  ❖ Whether the court proceedings are connected with or will interfere with the bankruptcy case also supports lifting of the stay. Movant seeks to only continue to show title and rightful ownership of 366.7 acres more or less of P.W Warraner Survey in Gregg County, Texas. Movant is seeking to receive possession of minerals and monetary gain from the Debtors. Numerous courts have allowed the stay to be lifted when the movant is simply seeking to establish the facts and the amount of the debtor's liability. Stays have also been lifted when multiple defendants are involved.

- **LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS (FACTOR THREE)**

  ❖ Another factor that supports granting the motion to lift stay is that the

Texas claims will not prejudice the interest of other creditors. Movant *only wishes to clear title, remove any clouds on the title and to properly* receive mineral rights and ownership of real property which is lawful under heirship. Our interest in the property is 100% rightfully ours and we have a constitutional right to have a fair hearing on merits only. We wish not to indulge in any other issue with the Debtor.

- **CONTINUING THE STAY WILL CONTINUE TO CAUSE GREAT HARDSHIP ON MOVANTS CONSTITUTIONAL RIGHTS WHICH OUT WEIGH ANY HARDSHIP ON THE DEBTORS. (FACTOR FOUR)**

  - The final factor looks to whether maintaining the automatic stay will cause Movant a greater hardship than the Debtors if the Court grants the lift of the stay. In re Pro Football Weekly, Inc. 60 B.R. 824, 826 N.D. Ill. 1986); In re Peterson 116 B.R. at 250. Here, automatic stay will cause massive hardship to the Movant with no corresponding benefit to the Debtors. The Movant trespass-to-try-title, slander, Injunction case have been in limbo land due to the automatic stay. If the stay is not lifted our family will continue to wait for justice for an unknown period of time to resolve this issue. A financial hardship will steadily increase over time due to the automatic stay. The aging of the case and evidence, loss of time and crowded dockets are major factors which will contribute to these hardships. If the stay is lifted the debtors will only payout what they have received from the minerals dealing with our

- 8 -

interest in real property as well as correcting all leases or terminating all leases. *In re Robertson*, 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000) (" Movant['s] claim for damages will evaporate if the stay is not lifted).

- **CONCLUSION**

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. A lifting of the stay is to allow the Movant to prove 100% interest and ownership of 366.6 acres of P.W. Warraner Survey in Gregg County, Texas and will not affect other creditors. Lifting the automatic stay will only allow the Movants to establish the amount of [their] claim of interest and ownership... In this respect, a relief from the stay will not violate the purpose for which it was imposed. "In re Bock Laundry Machine, Co, 37 B.R. at 567 WHEREFORE, Movant hereby requests that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit the Movant to proceed in the Texas courts with their trespass-to try-title, slander of title, temporary and permanent Injunction and declaratory Judgment case. This case is very sensitive to the matter and the Movant wishes to ask the court to grant the motion to lift stay.

Respectfully Submitted,

*[signature]*

Felicia Pierce, Pro Se

9764 Water Tree Dr.
McKinney, Texas 75070
Phone: (469)742-3653
scorpio76140@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 31, 2016 a true and original document of the foregoing motion was sent directly to courts at Mailing Address of United States Bankruptcy Court Southern District of New York located at One Bowling Green New York, NY 10004-1408. Notice of this filing will be sent by the operations of the court's electronic filing system upon the receipt and filing of this motion.

## **ATTACHED EXHIBITS**

**Exhibit A-**   US Trust Deed with US Bank, National Association
*(The mortgage between Breitburn Operating, LP and US Bank, Nat. Assoc.)*

**Exhibit B-**   Tenth Amended Petition
*(Plaintiff's last amended petition)*

**Exhibit C-**   Texas Railroad Commission
*(The document showing Breitburn Operating, LP as an operator on our property)*

**Exhibit D-**   Letter to US Bank, National Assoc.
*(Letter plaintiff wrote to bank concerning interest; no response received)*

**Exhibit E-**   Email Correspondence with Breitburn
*(Corresponding emails between plaintiff and Brietburn's legal counsel)*

**Exhibit F-**   Request for Automatic Stay, Order and Communication concerning the stay order.

- 8 -