Electronically Submitted
5/25/2016 10:26:30 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

## CAUSE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| **FELICIA PIERCE** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. 2** |
| | § | |
| **WILLAIM BARRYER, JR.,** *et al* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **DEBBIE BLALACK,** *et al* | § | |
| | § | **GREGG COUNTY, TEXAS** |

## SUGGESTION OF BANKRUPTCY

Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, hereinafter referred to as ("Breitburn Entities"), files this Suggestion of Bankruptcy and respectfully shows the Court as follows:

1.      Breitburn Energy Partners LP filed Chapter 11 Bankruptcy on May 16, 2016, which filing included the above named Breitburn Entities. The bankruptcy is listed as Case No. 16-11390 in the United States Bankruptcy Court for the Southern District of New York.

2.      Under the provisions of 11 U.S.C. § 362(a), all proceedings are automatically stayed.

## PRAYER

Breitburn Entities pray the Court take notice of the filing of the bankruptcy and stay all actions in this Court against Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC,  and such other and further relief to which they are justly

Exhibit "F"

entitled.

Respectfully submitted,

COGHLAN CROWSON, LLP
1127 Judson Rd. Suite 211
P.O. Box 2665
Longview, Texas 75606
(903) 758-5543 Telephone
(903) 753-6989 Facsimile
dwestbrook@ccfww.com

By: /s/ J. Don Westbrook
J. Don Westbrook
Texas Bar No. 21215500

**ATTORNEYS FOR DEFENDANT
BREITBURN ENTITIES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served pursuant to Rule 21 of the Texas Rules of Civil Procedure on the 25th day of May, 2016

/s/ J. Don Westbrook
J. DON WESTBROOK

2

Exhibit F

Electronically Submitted
5/25/2016 11:45:49 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

## CAUSE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| FELICIA PIERCE | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW |
| | § | |
| DEBBIE BLALOCK, ET AL | § | GREGG COUNTY, TEXAS |

## ORDER CANCELLING HEARING DUE TO BANKRUPTCY FILING

On this day came on to be considered the above-entitled and numbered Cause, and the filing of Suggestion of Bankruptcy by Defendants, Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, hereinafter referred to as ("Breitburn Entities"). By reason of the filing of Bankruptcy on the part of the Breitburn Entities, an automatic stay was immediately imposed by Bankruptcy Code §362, and this Court was deprived of jurisdiction over Breitburn Entities, and any state court proceedings taken against the Breitburn Entities prior to the lifting of the stay would be void. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 500–01 (Tex.1988); *Baytown State Bank v. Nimmons,* 904 S.W.2d 902, 905 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied); *Nautical Landings Marina, Inc. v. First Nat. Bank in Port Lavaca,* 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied).

IT IS THEREFORE ORDERED, the hearings set for Tuesday, May 31, 2016, in this Cause are hereby cancelled until the automatic stay resulting from the filing of Bankruptcy by the Breitburn Entities has been lifted or otherwise modified.

Signed May 25, 2016.

_____
JUDGE PRESIDING

Exhibit "F"

Electronically Submitted
5/26/2016 12:04:23 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

MAY 25, 2016


Felicia Pierce

9764 Water Tree Dr.

McKinney, Texas 75070


To:    The Honorable Judge Vincent

        Dulweber County Court #2


Re:    Felicia Pierce, Et al vs. Andrew Riley, Et al

(Cause No. 2015-1679-CCL2)


Good day Sir,

I am aware that you ordered the hearing for Motion for Service by Publication to be cancelled due to a bankruptcy filed by Breitburn Energy Partners, LP and it's entities on May 16th, 2016 after they were served citation. However, I am seeking clarification. I am concerned as to what grounds or reasons the hearing is cancelled and at a stay for all other defendants, since under the rules for Chapter 7 or Chapter 11 bankruptcy it is not required.

## GENERAL RULE

As recently as 2005, the Texas Court of Appeals held that the automatic stay generally only applies to actions against the debtor. Lisanti v. Dixon, 147 S.W.3d 638 (Tex.App.– Dallas 2005, pet. denied). Thus, under state law the automatic stay generally encompasses only claims against the debtor. The Texas Supreme Court reached the same conclusion in In re Southwestern Bell, 35 S.W.3d 602 (Tex. 2000). The Court held that the automatic stay does not apply to non-debtors or even co-debtors, co-tort feasors, or co-defendants. Moreover, the Court held that express severance of the debtor from the case was not required for the case to move forward as to the other parties.

The Texas bankruptcy courts reached the same conclusion in Tierra Petroleum, Inc. v. Walker, 232 B.R. 889 (Bankr. E.D.Tex. 1999), as has the Federal District Court for the Southern District of Texas in Carway v. Progressive, 183 B.R. 769 (S.D. Tex. 1995). The Fifth Circuit Court of Appeals agrees. In Wedgeworth v. Fibreboard, 706 F.2d 541 (5th Cir. 1983) the Court The author gratefully acknowledges the contributions of Melissa Gardner to this article. -1- stated that the language of the automatic stay contained in 11 U.S.C. § 362(a) only stays action against a debtor. Id. at 544. The Court added that the purpose set forth by the statute would not be furthered by application of the stay to co-defendants. Id.

Thus, the courts that govern our litigation here in Texas have held that the automatic stay that arises in favor of a debtor who is a party to litigation is not so broad as to suspend the entire case.

Exhibit "F"

Keeping in mind this information and with all due respect, I would like to move forward with the hearing set for May 31ˢᵗ, 2016 and the cause which has been filed against all other parties/defendants whom are not entities of Breitburn Energy Partners, LP. Your prompt reply is appreciated.

Respectfully Submitted,

Felicia Pierce, Pro Se

Scorpio76140@gmail.com

*[signature]*

Exhibit "F"

Electronically Submitted
5/26/2016 4:09:42 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy



# Vincent L. Dulweber, Judge
## County Court at Law No. 2
## Gregg County, Texas

**Sheryl A. Bowen**
**Official Court Reporter**
sheryl.bowen@co.gregg.tx.us

**Wendy Ligon**
**Court Coordinator**
wendy.ligon@co.gregg.tx.us

**101 E. Methvin St., Suite 303**
**Longview, Texas 75601**

**Phone 903.234.3110**
**Fax 903.234.3112**

May 26, 2016

Ms. Felicia Pierce
Pro Se
9764 Water Tree Road
McKinney, TX 75070

Mr. J. Don Westbrook
Attorney at Law
P.O. Box 2665
Longview, TX 75606

Re:   Felicia Pierce vs. Andrew Riley, et al; Cause No: 2015-1679-CCL2
       Response to Letter of May 25, 2016

Ms. Pierce and Mr. Westbrook:

**Response to May 25, 2016 Letter**
This letter is being provided in response to the letter of Plaintiff, Felicia Pierce, filed with the Court on May 25, 2016.

**Hearing for Motion for Summary Judgment**
The hearing set for Tuesday, May 31, 2016, remains cancelled. Plaintiff's letter addresses only the Motion for Service by Publication. However, Plaintiff insisted on including a Hearing on Plaintiff's Motion for Summary Judgment for Tuesday, May 31, 2016, which would potentially result in a ruling adverse to the Breitburn Entities. Because the Breitburn Entities are defendants subject to a Bankruptcy Proceeding, the automatic stay under Section 362 attached. The automatic stay must be either lifted or modified to proceed with the Motion for Summary Judgment.

Exhibit "F"

pages 1 of 2

Ms. Felicia Pierce
Mr. J. Don Westbrook
May 26, 2016
Page 2

**Proceeding as to Remaining Defendants**

The article written by Mr. Craig Power referenced in Plaintiff's letter of May 25, 2016, addresses cases where the debtor in bankruptcy would not be adversely affected by the continuation of the case against co-defendants. The cases to which Mr. Power is referencing involve joint/several liability on the part of multiple defendants. The case before this Court is a trespass to try title case seeking to determine title to land, to which the Breitburn Entities appear to be necessary parties. A complete resolution of the case cannot be accomplished without a ruling that would potentially have an adverse effect on all persons or entities currently claiming an interest in the property, including the Breitburn Entities. In order to proceed to a final resolution of this case, the automatic stay must be either lifted or modified. A trial without all defendants (ie excluding the Breitburn Entities) is not available in this particular case.

**Preliminary Hearings**

As this Court noted, any rulings entered by this Court adverse to a debtor in bankruptcy would be void. Due to the fact that this is a trespass to try title case seeking to determine title to land as against all others currently claiming an interest, including the Breitburn Entities, this Court does not believe it can proceed with preliminary matters without a potentially adverse effect being visited upon all persons or entities currently claiming an interest in the subject real property. The Court believes this would include matters as mundane as the process of determining whether Citation by Publication should be authorized as to defendants not yet parties. The Court will invite brief submissions from the Plaintiff and Defendants on this specific issue.

Sincerely,

Vincent L. Dulweber,
Presiding Judge

Exhibit    "F"    2 of 2