| | | |
|---|---|---|
| PLAINTIFF | § | IN COUNTY COURT AT LAW |
| FELICIA PIERCE | § | |
| | § | |
| | § | |
| INVOLUNTARY PLAINTIFFS | § | |
| WILLIAM BARRYER JR., JENNIFER | § | |
| BARRYER, CAROLYN J. LEE, JOYCE A. | § | |
| DAVIS, ROBERT BARRYER, CALVIN | § | |
| BARRYER, CYRANO BARRYER, PAULINE | § | |
| HICKS, ANNIE MAE JONES, VANESSA | § | |
| BARRYER, EDNA GREENWOOD, JOE C. | § | |
| BARRYER, AUTHUR J. BARRYER, CEDRIC | § | |
| BARRYER, KHAVEO BARRYER JR., ARMATHA | § | |
| BANKS, THELMA CARR, SHIRLEY JOHNSON, | § | |
| JAMES JOHNSON, LINDA G. SMITH, | § | GREGG COUNTY, TEXAS |
| PAULA BARRYER, GERTIE CHEATHAM | § | |
| | § | |
| | § | |
| | § | |
| DEFENDANTS | § | CAUSE NO. 2015-1679 |
| ANDREW RILEY, DEBBIE BLALACK, | § | |
| EAST TEXAS SALT WATER DISPOSAL CO. | § | |
| BRUCE A. BROYLES SR, JAMES C. PEE, | § | |
| RICKY DAVIS, CITI FINANCIAL, | § | |
| SINCLAIR & SINCLAIR OF WICHITA FALLS, | § | |
| INC, SINCLAIR BROADCAST GROUP INC., | § | |
| SINCLAIR BUILDERS, INC., SINCLAIR | § | |
| BUILDERS PARTNERS, LP., SINCLAIR | § | |
| COMMUNICATIONS, LLC DBA KEYE, LLC., | § | |
| SINCLAIR DEVELOPMENT, LLC., SINCLAIR | § | |
| ENERGY CORPORATION, SINCLAIR | § | |
| ENTERPRISES, LLC., SINCLAIR FAMILY | § | |
| MANAGEMENT GP, LLC., SINCLAIR FAMILY | § | |
| L.P., SINCLAIR FUNDING, LLC., SINCLAIR | § | |
| GLOBAL STRATEGIES, LLC., SINCLAIR | § | |
| GROUP ENERGY SOLUTIONS LLC., | § | |
| SINCLAIR HAGGBLOM INTERNATIONAL | § | |
| LLC., SINCLAIR HOLDING, LLC., SINCLAIR | § | |
| HUI ARCHITECTS, INC., SINCLAIR OIL & | § | |
| GAS COMPANY, SINCLAIR OIL | § | |
| CORPORATION, SINCLAIR PARTNERS, | § | |
| L.L.C., SINCLAIR PROGRAMMING COMPANY, | § | |
| LLC., SINCLAIR SERVICES COMPANY DBA | § | |
| SINCLAIR STAFFING COMPANY, SINCLAIR | § | |
| TELEVISION OF EL, PASO, LLC., SINCLAIR | § | |
| THREE MANAGEMENT COMPANY, LLC., | § | |
| SINCLAIR TRADING, LLC., SINCLAIR | § | |
| TRUCKING COMPANY, SINCLAIR US | § | |
| PROPERTIES LLC., SINCLAIR VENTURES, | § | |
| LLC., SINCLAIR WEATHERS HOLDING, LLC., | § | |

SINCLAIR 4646, LLC., SINCLAIR                    §
CONTRACTORS INCORPORATED,                        §
SINCLAIR GOLF TRAING CENTER, LP.,                §
SINCLAIR PECANS, LLC., SINCLAIR                   §
MEDICAL INCORPORATED, SINCLAIR                    §
SOLUTIONS INC., SINCLAIR MANAGEMENT,             §
LLC., SINCLAIR LAW OFFICES PC., SINCLAIR         §
LANDON PROPERTIES LLC., SINCLAIR LAND            §
SURVEYING INC., DANAMRK EAST TEXAS               §
FIELD L.P., DANMARK ENERGY LP.,                  §
DANMARK ENERGY SERVICES INC.,                    §
DANMARK INVESTMENT LP., DANMARK                  §
JACKS CREEK L.P., DANMARK OPERATING              §
COMPANY LLC., DANMARK MANAGEMENT                 §
LP., QUANTUM RESOURCES A1, LP.,                  §
QUANTUM RESOURCES B, LP, D/B/A QUANTUM           §
B, LP., QUANTUM RESOURCES C, LP., D/B/A          §
QUANTUM C, LP., QUANTUM RESOURCES                §
MANAGEMENT LLC D/B/A QR MANAGEMENT,              §
LLC., BARGO ENERGY COMPANY, BARGO                §
PRODUCERS INC., ARCO PERMIAN RETIREE             §
CLUB, ARCO OIL & GAS, ATLANTIC RICHFIELD         §
COMPANY, ATLANTIC RICHFIELD COMPANY,             §
QRE GP, LLC., QRE OPERATING, LLC., QREH GP,      §
LLC., TRANSPETCO PIPELINE COMPANY,               §
TRANSPETCO PIPELINE COMPANY L.P., D/B/A          §
TRANSPETCO PIPELINE COMPANY OF TEXAS,            §
L.P., TRANSPETCO TRANSPORT CO., BP ENERGY        §
COMPANY, BP ENERGY PARTNERS, LLC.,               §
SUNOCO LLC., D/B/A SUNOCO WHOLESALE              §
LLC., SUNOCO, INC., SUNOCO RETAIL LLC.,          §
SUNOCO PARTNERS NGL FACILITIES LLC.,             §
SUNOCO PARTNERS MARKETING & TERMINALS            §
L.P., SUNOCO PARTNERS LLC., SUNCO PARTNERS       §
LEASE ACQUISITION & MARKETING, SUNOCO LP.,       §
D/B/A SUNOCO MLP LP., SUNOCO LOGISTICS           §
PARTNERS OPERATION GP LLC., SUNOCO GP LLC.,      §
SUNOCO ENERGY SERVICES LLC., SUN OIL             §
COMPANY, STEBBINS AVIATION, INC.,                §
STEBBINS CONSTRUCTION                            §
COMPANY LLC., STEBBINS FIVE COMPANY, LTD.,       §
STEBBINS-AUSTIN INC., STEBBINS GROUP, LLC.,      §
STEBBINS HERITAGE, INC., STEBBINS INTEREST,      §
LLC., STEBBINS INVESTMENT, LTD., STEBBINS        §
MANAGEMENT, LLC., AMERICAN MIDSTREAM             §
(Lavaca), LLC., AMERICAN MIDSTREAM COSTAR,       §
LLC., AMERICAN MIDSTREAM EAST TEXAS RAIL,        §
LLC., AMERICAN MIDSTREAM ENERTRADE, LLC.,        §
AMERICAN MIDSTREAM GAS SOLUTION GP, LLC.,        §
AMERICAN MIDSTREAM GAS SOLUTION, LP.,            §
AMERICAN MIDSTREAM MADISON, LLC.,                §

AMERICAN MIDSTREAM MARKETING LLC.,          §
AMERICAN MIDSTREAM MESQUITE LLC.,           §
AMERICAN MIDSTREAM OFFSHORE                 §
(SEACREST) LP., AMERICAN MIDSTREAM          §
PERMIAN LLC., AMERICAN MIDSTREAM            §
REPUBLIC LLC., AMERICAN MIDSTREAM           §
LLC., Breitburn Operation, LP., (D/B/A)     §
Breitburn OLP, BREITBURN ENERGY COMPANY §
LP., BREITBURN ENERGY PARTNERS 1, LP.,      §
BREITBURN ENERGY PARTNERS LP.,              §
BREITBURN GP LLC., BREITBURN MANAGEMENT §
COMPANY LLC., BREITBURN OPERATING GP.,  §
BREITBURN OPERATING LP., BREITBURN          §
TRANSPETCO GP LLC., BREITBURN TRANSPETCO §
LP LLC., BREITBURN FLORDIA LLC., KERR-MCGEE§
ENERGY SERVICES CORPORATION, KERR-MCGEE §
NATURAL GAS INC., KERR-MCGEE OIL & GAS  §
ONSHORE LP., KERR-MCGEE SHARED SERVICES §
COMPANY LLC., GAS SOLUTIONS, LTD.,          §
STROTHER TIMBERLANDS LTD.,                  §
CONTINENTAL RESOURCES INC., D/B/A           §
CONTINENTAL TREND RESOURCES INC.,           §
BARBARA PLETCHER KING, ROBERT A.            §
KING DIANE KING KIMMEL BEVERLY              §
ANN KING HAND VIRGINA KING HOMZA            §
BEVERLY KING SMITH, GUTTRY                  §
FAMILY PARTNERSHIP, LTD.,KINSEY             §
INVESTMENT LLC., CK KASPER                  §
MANAGEMENT LLC., CK KASPER                  §
PROPERTIES LTD., EXXON ASSET                §
MANAGEMENT COMPANY LLC., EXXON              §
CAPITOL VENTURES INC., EXXON                §
CHEMICAL LICENSING COMPANY, EXXON           §
CHEMICAL SERVICES AMERICAN INC.,            §
EXXON EQUITY HOLDING COMPANY,               §
EXXON INTERNATIONAL SERVICES INC.,          §
EXXON LAND DEVELOPMENT INC.,                §
EXXON PIPELINE HOLDING INC., EXXON          §
YEMEN INC., EXXON ADDITIONAL                §
PROPERTY OWNERS ASSOCIATION I,              §
EXXON MOBIL CORPORATION,                    §
EXXONMOBILE AVAIATION INC.,                 §
EXXONMOBIL OIL& GAS INVESTMENTS             §
LIMITED, EXXONMOBIL CAPITAL                 §
CORPORATION, EXXONMOBIL GAS                 §
PIPELINE HOLDING LLC., EXXONMOBIL           §
GAS VENTURES INC., EXXONMOBILE              §
OIL CORPORATION, EXXONMOBILE                §
PIPELINE COMPANY, EXXONMOBILE               §
POWER & GAS SERVICES INC., LINK             §
ENERGY INTERNATIONAL CONSULTING            §

LLC, PLAINS MARKETING                              §
LP, PLAINS MARKETING GP., INC.,                    §
4-SIGHT OILFIELD SERVICES, LLC,                    §
4-SIGHT OPERATING COMPANY, LTD.,                   §
4-SIGHT STORAGE, L.L.C., 4-SIGHT                   §
TRUCKING L.L.C., LINK ENERGY GENERAL               §
PARTNER LLC., LINK ENERGY LLC., DBA                §
LINK ENERGY, MISSION E&P LIMITED                   §
PARTNERSHIP, LASER MIDSTREAM GAS                   §
SOLUTIONS, LASER MIDSTREAM ENERGY LP.,             §
SCURLOCK OIL COMPANY, ORYX ENERGY                  §
COMPANY, CHEVERON U.S.A. HOLDING,                  §
CHEVERON U.S.A. INC.,                              §
KAREN ANN KING TRUSTEE OF JOHN SOLON               §
ESTATES, MOBIL PIPELINE COMPANY                    §
BURR DAVIS ANDREW, ESTATE OF RUTH                  §
ANDREW, J.L SHUTTLESWORTH                          §

## PLAINTIFFS TENTH AMENDED PETITION FOR TRESPASS TO TRY TITLE, QUIT TITLE, DECLARTORY JUDJEMENT, SLANDER OF TITLE, TEMPORARY AND PERMANENT INJUNCTION RELIEF.

Plaintiffs, the heirs of Harriet Alford eldest daughter of Lettuce Beall Oliver files this Tenth Amended Petition for property of P.W Warraner Abstract No.214 for Trespass to Try Title, Quit Title, Declaratory Judgement, Slander of Title, Permanent and Temporary Injunction against Defendants, Debbie Blalack, Andrew Riley, Bruce Broyles Sr., Ricky Davis, James C. Pee, East Texas Salt Water Disposal Company and CitiFinancial and Breitburn Operating, LP would respectfully show the court as follows:

### I. STATEMENT OF CLAIM

This lawsuit relates to un-severed property due to continuous title of ownership; The listed defendants has and have received some type of monetary gain from the un-severed surface of the mentioned property listed above since the invalid lease in 1930 by A.A King to J.R Stebbins. The heirs seek full payment of all monetary gain which each listed defendant received in over 85 years more or less on both King A.A -A- lease and -B- lease which are located within the P.W Warraner Survey. Plaintiff seeks reinstatement and

recognizing its complete possession of and right to determine the use and control of those assets and properties held by title by the heirs of Harriet Alford eldest daughter of Lettuce Beall Oliver, free of any claimed trust, interest, royalty and ownership of any kind in favor of the heirs. The Plaintiffs further seeks to preserve the rightful ownership through heirship to gain possession of the un- severed property with a clear title by removing the 1931 cloud of Adverse Possession as described in this petition and full back payment of all monetary gain.

The Plaintiffs have shown direct evidence of continuous ownership for over 100 or more years, even with the invalid attempt of adverse possession within the petition, the heirs will show how the law is and was disregarded for justice. For this reason, the Plaintiffs seek a decision and Judgment with prejudice to be given solely on the merits and not upon technical or procedural grounds, to restrain, Debbie Blalack, Andrew Riley, Bruce Broyles Sr., James C. Pee, Ricky Davis, East Texas Salt Water Disposal Company and CitiFinancial and Breitburn Operations, LP from taking any action that would alter the cloud from being removed from our title or continue to abrupt the property rights for a clear title and possession of un-severed property of the heirs of Harriet Alford and Lettuce Beall Oliver as they now stand and as determined by this court. There are twenty-three (23) heirs of Harriet Alford which come forth voluntary and involuntary under this petition to regain the title they inherited. The judgment would be the same for each heir since they hold the equal amount of shared interest in the property.

## Parties

Plaintiffs (voluntary and involuntary); Heirs of Harriet Alford eldest daughter of Lettuce Beall Oliver; **Felicia Pierce,** 9764 Water Tree Dr. McKinney, Texas, 75070, **Joe C. Barryer,** 3050 Redmond Dr. Dallas, Texas 75211 #1205, **William Barryer Jr.,** 2511 E. Overton Rd. Dallas, Texas 75216, **Jennifer Barryer,** 575 S. Virginia Hills Dr. McKinney, Texas 75070, **Carolyn J. Lee,** 700 Buchanan Ave., Longview, Texas 75602, **Joyce A. Davis,** 1108 Rex, Longview, Texas 75602, **Robert Barryer,** 604 Waggoner St., Longview, Texas 75604, **Edna Greenwood,** P.O. Box 527, Tatum, Texas 75691, **Cedric Barryer,** 2501 N. Eastman Rd., Longview, Texas75605, **Khaveo Barryer Jr.,** 2103 167th Ave., San Leandro California 94578, **Armatha Banks,** 2406 Lilly St., Longview, Texas 75602, **Thelma Carr,** 2406 Lilly St., Longview, Texas 75602 , **Gertie Cheatham,** 12006 Lake Meade Dr., St. Louis, Missouri 63146, **Shirley Johnson,** P.O. Box 8778, Longview, Texas 75607, **James Johnson,** P.O. Box 642 Lone Star, Texas 75668, **Arthur J. Barryer,** 1701 Leach St., Kilgore, Texas 75662

**Calvin Barryer**, 100 W. Highland Ave., Longview, Texas 75602, **Cyrano Barryer**, 105 Hicks Dr., Beckville, Texas 75631, **Pauline Hicks**, P.O. Box 93, Beckville, Texas 7563, **Annie Mae Jones**, 548 CR. 104, Carthage, Texas, 75633 **Vanessa Barryer**, 604 Town Creek Dr.., Dallas, Texas 75232, **Paula Barryer**, 5626 Duck Creek Dr., Garland, Texas 75043 and **Linda Smith**, 302 Civil Dr., League City, Texas 77573 are heirs to both Lettuce Beall Oliver and her oldest daughter Harriet Alford (Not her youngest daughter Emily Oliver), title owners of the P.W. Warraner Survey in Longview, Texas in Gregg County. Each heir holds a 4.35 percent interest (not 2.17 percent) which equals one-hundred percent (100%) shared interest in said land.

Defendant Debbie Blalack can be served with citation at 889 Baker Rd. Kilgore, Texas 75662 in Gregg County. Defendant Andrew Riley can be served with citation at 911 Baker Rd. Kilgore, Texas 75662 Gregg County. Defendant East Texas Salt Water Disposal Company (Pat Nault) can be served citation at 1209 Industrial Blvd., Kilgore, Texas 75662. Defendant Bruce Broyles Sr. can be served at 940 Baker Rd., Kilgore, Texas 75662. Ricky Davis can be served at 1996 River Rd., Kilgore, Texas 75662; James C. Pee can be served at 328 PR 3322, Kilgore, Texas 75662. Defendant CitiFinancial (CT Corporation System) can be served at 199 Bryan St. Ste., 900 Dallas, Texas 75201. Defendant Breitburn Operating, LP., (DBA) Breitburn OLP., (aka) Breitburn Energy Partners 1, LP., (aka) Breitburn Energy Partners LP., (aka) Breitburn GP LLC., (aka) Breitburn Management Company LLC., (aka) Breitburn Operating GP., (aka) Breitburn Operating LP., (aka) Breitburn Transpetco GP LLC., (aka) Breitburn Transpetco LP LLC., (CT Corporation) can be served at 1999 Bryan St. Ste. 900 Dallas, Texas 75201, Defendant Kerr- McGee Energy Services Corporation, (aka) Kerr-McGee Natural Gas INC., (aka) Kerr- McGee Oil & Gas Onshore LP., (aka) Kerr-McGee Shared Services Company LLC., can be served at 1999 Bryan St. Ste. 900 Dallas, Texas 75201, Defendant Gas Solutions LTD., can be served at 1999 Bryan St. Ste. 900 Dallas, Texas 75201, Defendant Strother Timberlands LTD., can be served at 1999 Bryan St. Ste. 900 Dallas, Texas 75201, Defendant Continental Resources INC., DBA Continental Trend Resources INC., can be served at 1999 Bryan St. Ste. 900 Dallas, Texas 75201, Sinclair & Sinclair of Wichita Falls INC.,( Larry Sinclair) can be served at 2801 Ecleto Wichita Falls, TX 76308, Defendant Sinclair Broadcast Group INC., can be served at 10706 Beaver Dam Rd. Cockeysville, MD 21030-2207, Sinclair Builders INC., (Curtis Sinclair) can be served at 803 S. Bryan Amarillo, TX 79106, Defendant Sinclair Builders Partners, LP., (Richard T. Baumeiser) can be served at 512 Main ST. STE., 1500 Fort Worth TX 76102, Defendant Sinclair Communication LLC., DBA Keye LLC., ( CT Corporation) can be served at 1999 Bryan ST. STE., 900 Dallas, TX

75201, Defendant Sinclair Development LLC., (Jerrel McBride) can be served at 260 Sinclair
Road Kilgore, TX 75662, Defendant Sinclair Energy Corporation (Max Reese) can be served
at 1017 Patricia Irving, TX 75060, Defendant Sinclair Enterprises LLC., (Margaret J. Sinclair)
can be served at 10219 Chatterson Houston, TX 77043, Defendant Sinclair Family
Management GP LLC., (aka) Sinclair Family LP.,(Honey Lee Sinclair) can be served at 47
East Bay Boulevard The Woodland, TX 77380, Defendant Sinclair Funding LLC., (Mathew L.
Haney) can be served at 4306 Sinclair Austin, TX 78756, Defendant Sinclair Global Strategies
LLC., (David L. Griffis) can be served at 1401 McKinney STE.,1700 Houston, TX 77010,
Defendant Sinclair Group Energy Solution LLC., (aka) Sinclair Haggblom International LLC.,
(William W. Rucker) can be served at 3355 West Alabama STE., 825 Houston, TX 77098,
Defendant Sinclair Holding LLC., (Nicholas S. Pappas) can be served at 3700 W. 7th ST. Fort
Worth, TX 76107, Defendant Sinclair HUI Architect INC (Jesse Green) can be served at 170
East Parker Plaza 2550 Walnut Hill Ln. Dallas, TX 75229, Defendant Sinclair Oil & Gas
Company (Corporation Services Company DBA CSC-Lawyers INCO) (aka) Sinclair Oil
Corporation can be served at 211 E. 7th Street STE., 620 Austin, TX 78701, Defendant Sinclair
Partners LLC., (Brian S. Hutson) can be served at 6077 Arboretum DR. Frisco, TX 75034,
Defendant Sinclair Programming Company LLC., (CT Corporation) can be served at 1999
Bryan St. STE., 900 Dallas, TX 75201, Defendant Sinclair Services Company DBA Sinclair
Staffing Company (aka) Sinclair System International LLC., ( Corporation Services Company
DBA CSC Lawyers-INCO.) 211 E. 7th St. STE., 620 Austin, TX 78710, Defendant Sinclair
Television of EL Paso LLC., (CT Corporation) can be served at 1999 Bryan St. STE., 900
Dallas, TX 75201, Defendant Sinclair Three Management Company LLC., ( Robert E.W
Sinclair) can be served at 7001 Preston Road, STE 301 Dallas, TX 75205, Defendant Sinclair
Trading LLC., (William W. Rucker) can be served at 3355 West Alabama STE 825 Houston,
TX 77098, Defendant Sinclair Trucking Company (Corporation Service Company DBA CSC
Lawyers INCO.,) can be served at 211 E. 7th Street STE. 620 Austin, TX 7870, Defendant US
Properties LLC., (Northwest Registered Agent LLC) can be served at 700 Lavaca STE., 1401
Austin, TX 78701, Sinclair Ventures LLC., (Mathew Haney) can be served at 4306 Sinclair
Ave. Austin, TX 78756, Defendant Sinclair Weather Holding LLC., (William W. Rucker) can
be served at 3355 West Alabama STE. 825 Houston, TX 77098, Defendant Sinclair 4646
LLC., (Anthony E. Myers) can be served at 1500 N. ST. Mary's ST San Antonio, TX 78215,
Defendant Sinclair Contractors Incorporated (Corporate Service Company) can be served at
211 E. 7th Street STE. 620 Austin, TX 78701, Defendant Sinclair's Golf Training Center, LP.,
(John R. Sinclair II) can be served at 7717 IH 35W Alvarado, TX 76009, Defendant Sinclair's

Pecans LLC., (Bobby W. Sinclair) can be served at 13821 FM 1740 Wichita Falls, TX 76305,
Defendant Sinclair Medical Incorporated (Anastatic M. Davidson) can be served at 7120
Confederate Park Rd Fort Worth, TX 76108, Defendant Sinclair Solutions INC., (Viswanath
Palepu) can be served at 9901 Valley Ranch PKWY East TX STE. 1030 Irving, TX 75063,
Defendant Sinclair Management LLC., (Diane Wider Howard) can be served at 3704 Meadow
bank Drive Austin, TX 78703, Defendant Sinclair Law Offices PC., (Beau T. Sinclair) can be
served 400 S. Broadway STE.102 Tyler, TX 78703, Defendant Sinclair Landon Properties
LLC., (James S. Ziegler) can be served at 6205 Wichita Trail Flower Mound, TX 75022,
Defendant Sinclair Land Surveying INC., (Lemuel T. Sinclair) can be served at 3201 Antonia,
TX 78230, Defendant Danmark East Texas Field L.P., (aka) Danmark Energy LP., (aka)
Danmark Energy Services INC., (aka) Danmark Investment LP., (aka) Danmark Jacks Creek
LP., (aka) Danmark Operating Company LLC., (aka) Danmark Management LP., (Daniel M.
Mitchell) can be served at 1907 E. Old HWY 80 White Oak, TX 75693, Defendant Quantum
Resources A1, LP (aka) Quantum Resources B, LP, DBA Quantum B, LP., (aka) Quantum
Resources C, LP., DBA Quantum C, LP (aka) Quantum Recourses Management LLC, DBA
QR Management LLC, (Capital Resources Services INC.,) can be served at 206 E. 9th Street
STE. 1300 Austin, TX 78701, Defendant Bargo Energy Company (Mary Elizabeth
Vanderehider) can be served at 700 Louisiana STE. 3700 Houston, TX 77002, Defendant
Bargo Produces Inc., (Leroy Lasalle) can be served at 200 West Wellington Carthage, TX
75633, Defendant ARCO Permian Retiree Club can be served at 3531 Humble Ave. Midland,
TX 79707-6610, Defendant ARCO OIL & Gas (CT Corporation) can be served at 350 N. ST
Paul Street Dallas, TX 75201, Defendant Atlantic Richfield Company (CT Corporation) can be
served at 1999 Bryan ST. STE. 900 Dallas, TX 75201, Defendant Atlantic Richfield Company
(CT Corporation) can be served at 1601 ELM Street Dallas, TX 75201, Defendant QRE GP,
LLC., (aka) QRE Operating LLC., (CT Corporation) can be served at 1999 Bryan ST. STE 900
Dallas, TX 75201, QREH GP, LLC., (Capital Corporation Services INC.,) can be served at
206 E. 9th Street STE 1300 Austin, TX 78701, Defendant Transpetco Pipeline Company
(Rockney D. Pletcher) can be served 3100 First Natl Bank Bldg. Dallas, TX 75202, Defendant
Transpetco Engineering Of The Southwest, Inc., (Rockney D Pletcher) can be served 1717
Main St Dallas, TX 75201, Defendant Transpetco Pipeline Company LP. DBA Transpetco
Pipeline Company of Texas LP., (aka) Transpetco Transport Company (CT Corporation) can
be served at 1999 Bryan St. STE. 900 Dallas, TX 75201, BP Energy Company, (aka) BP
Energy Partners LLC., (CT Corporation) can be served at 1999 Dallas, TX 75201, Defendant
Sunoco LLC DBA Sunoco Wholesale LLC., (aka) Sunoco INC., (R&M), (aka) Sunoco

Pipeline LP., (aka) Sunoco Partners NGL Facilities LLC., (aka) Sunoco Partners Marketing & Terminals LP., (aka) Sunoco Partners LLC., (aka) Sunoco Partners Lease Acquisition & Marketing LLC., (aka) Sunoco LP., DBA Sunoco MLP., LP., (aka) Sunoco Logistics Partners Operations GP., LLC., (aka) Sunoco GP., LLC., (aka) Sunoco Energy Services LLC., (Corporations Services Company DBA CSC Lawyers INC.,) can be served at 211 E. 7th Street STE 620 Austin, TX 78701, Defendant Sun Oil Company (CT Corporation) can be served at 211 E. 7th Street STE 620 Austin, TX 78701, Defendant Stebbins Aviation INC., (aka) Stebbins Construction Company LLC., (aka) Stebbins Five Companies LTD., (aka) Stebbins-Austin INC., ( Brad Stebbins) can be served at 600 E. Whaley St. Longview, TX 75601, Defendant Stebbins Group LLC., (Heather Burrer) can be served at 14122 Steelwood Dr. Cypress, TX 77429, Defendant Stebbins Heritage INC., ( Kent Stebbins) can be served at 1009 Clyde ST. Amarillo, TX 79106, Defendant Stebbins Interest LLC., (Gary M. Seline) can be served at 1765 Stebbins Houston, TX 77043, Defendant Stebbins Investment LTD., (aka) Stebbins Management LLC., (Brian R. Stebbins) can be served at 1256 Main St. STE 240 Southlake, TX 76092, Defendant American Midstream (Lavaca), LLC., American Midstream Costar LLC., (aka) American Midstream East Texas Rail LLC., American Midstream Enertrade LLC., (aka) American Midstream Gas Solution GP., LLC., American Midstream Gas Solution LP., (aka) American Midstream Madison LLC., American Midstream Marketing LLC., (aka) American Midstream Mesquite LLC., American Midstream Offshore (seacrest) LP., (aka) American Midstream Permian LLC.,  American Midstream Republic LLC., (National Registered Agents INC.) can be served at 1999 Bryan St. STE 900 Dallas, TX 75201, Defendant Guttry Family Partnership, Ltd (John Guttry) Can Be Served at 1000 Chateau Court Longview, TX 75604, Defendant Lottie Guttry Trustee of Lottie L. Guttry Exempt Descendants Can Be Served at 1000 Chateau Court Longview, TX 75604, Defendants Robert D. Lipscomb, Trustee of Robert D Lipscomb Exempt Descendants Trust Can Be Served at 30406 La Quinta Dr. Georgetown, TX 78628, Defendant Diane King Kimmel, Trustee of Diane Kimmel Exempt Descendant Trust can be served at 120 Quail Creek San Marcos, TX 78666, Defendants Kinsey Investments LLC., (David Kinsey) Can Be Served at 237 Elizabeth Del Rio, TX 78840, Defendant CK Kasper Management LLC., (Carolyn King Kasper) Can Be Served at 160 N. Ridgeway Dr. Cleburne, TX 76033, Defendant CK Kasper Properties Ltd (Ck Management LLC.,) can be served at 160 N. Ridgeway Dr. Cleburne, TX 76033, Defendant Robert A. King can be served at 1608 S. Stonegate Dr., Cleburne, TX 76033, Defendant Diane King Kimmel can be served at 2641 Red Bud Way, New Braunfels, TX 78132, Defendant Barbara King Pletcher can be served at 4404 N. Versailles Ave., Dallas,

TX 75205, Defendant Beverly King Smith can be served at 839 Little River Rd. Asheboro, NC 27205, Defendant Virginia King Homza can be served at 6702 Gilbert Dr. Shreveport, LA 71106, Defendant Beverly Ann King Hand is deceased. Defendant Link Energy General Partner LLC., (National Registered Agents INC.,) can be served at 1614 Sidney Baker Street Kerrville, TX 78028, Link Energy International Consulting LLC., (Stephen Niles) can be served at 602 Laredo CIR Allen, TX 75013, Defendant Link Energy LLC., DBA Link Energy Texas LLC., (National Registered Agents LLC.,) can be served at 905 Congress Ave Austin, TX 78701, Defendant Plains Marketing LP., (aka) Plains Marketing GP. INC., (Corporation Service Company DBA CSC Lawyers INCO.,) can be served at 211 E. 7th Street STE 620 Austin, TX 78701, Defendants Exxon Asset Management Company LLC., (aka) Exxon Capital Ventures INC., (aka) Exxon Chemical Licensing Company, (aka) Exxon Chemical Services American INC., DBA ExxonMobil Chemical Service American INC., (aka) Exxon Equity Holding Company,  Exxon International Services INC., Exxon Land Development INC., (aka) Exxon Pipeline Holding INC., Exxon Yemen INC., Exxon Mobile Corporation ExxonMobil Aviation, (aka)ExxonMobil Capital Corporation, ExxonMobil Gas Pipeline Holding LLC., Exxon Mobil Pipeline Company ExxonMobil Power & Gas Services INC., (Corporation Services Company DBA CSC-Lawyers INCO) can be service at 211 E. 7th Street STE., 620 Austin, TX 78701, Defendant Exxon Property Owners Associates I (Evelyn Bellamy) can be served at 4101 Sigma Road Farmers Branch, TX 75244, Defendant ExxonMobil Gas Venture INC., ExxonMobil Oil Corporation (Prentice Hall Corporation System) can be served at 211 E. 7th Street STE., 620 Austin, TX 78701, Defendant 4-Sight Oilfield Services, LLC., 4-Sight Operating Company, LTD., 4-Sight Trucking, L.L.C., 4-Sight Storage, L.L.C., (Keith W. Cherry) can be served at 3103 Industrial Blvd. Kilgore, TX 75662, Defendant Laser Midstream Energy LP., can be served at 10200 Grogans Mill Rd. STE., 175 Spring, TX 77380-1173, Defendant Mission E&P Limited Partnership (Roland Sledge) can be served at 1331 Lamar STE., 1455 Houston, TX 77010, DefendantOryx Energy Company (CT Corporation) can be served at 350 N. ST. Paul Street STE., 2900 Dallas, TX 75201, Defendant Cheveron U.S.A. Holding (aka) Cheveron U.S.A. INC., (Prentice-Hall Corp System INC.) can be served at 211 E. 7th Street Suite 620 Austin, TX 78701, Defendant Karen Ann King Trustte of John Solon Estate can be served at 5126 Holly Terrace Dr. Houston, Tx 77056, Defendant Burr Davis Andrew can be served at 1407 S. Delaware St. Clarksville, TX 75426, Defendant Ruth Andrew can be served at P.O Box 536 Bodata, TX 75417, J.L Shuttlesworth can be served 21950 State hwy 135 Troup, TX 75789, Mobil Pipeline Company ( Corporate Services Company DBA CSC-Lawyers INCOR) can be served at 211 e. 7th Street STE., 620 Austin,

TX 78701.

## JURISDICTION AND VENUE

Plaintiffs' claim for injunction reliefs are brought pursuant to the laws of the State of Texas
and are properly founded upon the subject matter jurisdiction of this Court. This Court may
exercise personal jurisdiction over P.W. Warraner which maintains its location in Kilgore,
Texas, Gregg County. Plaintiff seeks monetary gain well over Three Trillion Dollars
($3,000,000,000,000). Venue is proper in the Gregg County District Court because this suit
contains, in part, an action to Trespass to Try Title to real property situated in Gregg County,
and the Defendants' principal residence is located also in Gregg County. Tex. Civ. Prac. &
Rem. Code 15.002 & 15.011.

## FACTS

1. **(03-04-1844)** Land Patent was established for Phanael W. Warraner (P.W
   Warraner)

2. **(02-22-1867)** Plaintiffs falls under the heirs of Harriet Alford, Lettuce Beall
   Oliver the widow to James R. Oliver who owns said property located in the
   P.W. Warraner Survey since 1867 A.D.  P.W. Warraner sold 320 acres to James
   R. Oliver at land mentioned above {Source: Deed of Trust Vol. S., Pg.302} Deed
   Records, Rusk County, Texas (*Exhibit A*). (12-18-1869) James R. Oliver also
   purchased land from S.S. Barnett also located at P.W. Warraner Survey of 120 acres
   more or less {Source: Deed of Trust, Vol. S, pg.301} Deed Records, Rusk County,
   Texas. (*Exhibit A*) The deeds mentioned above proves by Texas law that James R.
   Oliver is a true bona fide owner of 366.7 acres more or less of said land located at
   P.W. Warraner Survey.

3. **(02-14-1870)** prior to the death of James R. Oliver he created a will which was duly
   probated to include all real and personal property he owned to be passed to his wife
   Lettuce Beall Oliver and daughter Emily Oliver. S.S. Barnett was the executer of the
   will and Nathaniel Howell (Lettuce's father) was a witness.
   {Source: Deed of Trust, Vol. M, Pg. 89} Deed Records, Rusk County, Texas.

The probated will gave Lettuce Beall Oliver and Emily Oliver rightful ownership of all property purchased by James R. Oliver out of the P.W. Warraner *(Exhibit B)*. On 09-02-1872, S.S. Barnett sells part of James R. Oliver estate situated in the P.W. Warraner Survey to pay off James Oliver all debts which left 366.7 acres more or less. {Source: Deed of Trust, Vol. T, Pg. 764- 766} deed Records, Rusk County, Texas *(Exhibit C)*. Later Emily Oliver puts a lien on the homestead of her mother Lettuce Beall Oliver property due to borrowing $210.00 from Emily Oliver *(Exhibit D)*.

4. **(04-10-1876)** a judgment execution was implemented by C.B. Kilgore by a way of payment to James Dillingham to execute an 1875 judgment rendered against Lettuce Beall Oliver (now) Frazier and C.H. Frazier for $57.25 in gold and $6.65 in cash. *The actual 1875 judgment has been researched, but does not exist in the County Clerk's office records of Gregg County. However, they still implemented the execution of the judgment. {Source: Deed of Trust, Book C, Pg. 288-289} Deed Records, Gregg County, Texas *(Exhibit E)*. Howard Coghlan, A.A. King Heir's former attorney stated in his 2002 letter he couldn't find the 1875 judgment through his research as well *(Exhibit V)*. The Homestead Act which dates back to Stephen F. Austin, Code of Civil Regulations in 1824 states that no one can take a homestead away due to a judgment no matter if it's valid or not. The Homestead Act also states that it protects the minerals if they are un-severed prior to any claim {Source: Gulf Production Co-vs- Continental Oil Co 132 S.W 2nd 553} in 1939. Texas offers unique protections for residents that should be integrated into any asset protection plan. These "homestead protections" are contained principally in the Texas Constitution Article XVI, section 50 and in Texas Property Code chapters 41 and 42. They apply to both income and assets. In other states, execution on a judgment can strip you of your possessions and put you on the street, but that is usually not true in Texas. If a lawsuit is anticipated, or if a judgment creditor is expected to attempt collection, then it is wise to review and maximize these protections well in advance of litigation. It is even wiser to formulate an asset protection strategy long before adverse events occur.The homestead is the crown jewel of exemptions. It is protected from forced sale for purposes of paying debts and judgments *except* in cases of purchase money, taxes

(both ad valorem and federal tax liens against both spouses), owelty of partition (divorce), home improvement loans, home equity loans, reverse mortgages, liens pre-dating the establishment of homestead, refinance loans, or the conversion or refinance of

a lien on a mobile home that is attached to the homestead. Other liens are void. No matter

how much the home is worth, an ordinary judgment creditor cannot force its sale in the

absence of fraud. *See In re McCombs*, 659 F.3d 503, 507 (5th Cir. 2011). Texas

homestead laws are liberally construed by the courts.

*London v. London*, 342 S.W.3d 768, 776 (Tex. App.–Houston [14th Dist.] 2011, no

pet.). Furthermore, an attempt by a creditor to place or enforce a lien against

the homestead can be defeated using the procedure in Property Code section

53.160. *See* Part VI, ch. 35: *Lien Removal.*

*5. (06-06-1876) The P.W. Warraner Survey was sold at the court house steps to the*
*highest bidder to C.B. Kilgore for $35.00 still without the consent of the rightful owners.*
*J.C. Johnson deeded the property to C.B Kilgore. {Source: Deed of Trust, Book C,*
*Pg.288-289} Deed Records, Gregg County, Texas.*

6. **(06-21-1876)** Fifteen days later C.B. Kilgore then transfers invalid deed to V.H. Kilgore for
$350.00, being the same land that was deeded to C.B. Kilgore by
J.C. Johnson. {Source: Deed of Trust, Book C, Pg. 286-287} Deed Records, Gregg
County, Texas *(Exhibit F)*. (07-22-1876) Court case #186, V.H. Kilgore begins to
take Lettuce Beall Frazier and C.H. Frazier to court to enforce the deed he purchased
from C.B. Kilgore earlier that month. {Source: Minutes, Book A, Pg. 550} Minutes
District Court, Gregg County, Texas. (01-29-1877) Court case continues with
lawyers present to amend lien. {Source: Minutes, B58o0o}kMAi,nPugtes District
Court, Gregg County, Texas. (02-14-1878) Court case continues and loses to Lettuce
Beall Oliver Frazier and C.H. Frazier and takes no ownership from said property at
P.W. Warraner Survey. The ownership and property stayed in the possession of
Lettuce Beall Frazier and her husband *(Exhibit G)*.

7. **(02-14-1878)** the same day that V.H. Kilgore lost the property in court he then
transferred the invalid deed to J.W. Bradshaw for the sum of $110.00. {Source: Deed
of Trust, Book E, Pg. 263-264} Deed Records, Gregg County, Texas *(Exhibit H)*.
(07-18-1881) J.W. Bradshaw began his court journey three years later with court
case #287 *(Exhibit I)*. Bradshaw lost in court and covered all court cost. The property
once again stayed in the rightful

ownership of Lettuce Beall Frazier and her husband. {Source: Minutes, Book C, Pg. 142} Minutes District Court, Gregg County, Texas. (01-27-1882) J.W. Bradshaw takes Lettuce Beall Frazier and father Nathaniel Howard (Howell) et al to court. Court case
#335 {Source: Minutes, Book C, Pg. 186 Minutes District Court, Gregg County, Texas *(Exhibit J).* Trial continues until (11-19-1883) J.W. Bradshaw loses and takes nothing from the suit and pays all court cost. When the court researched the property located at P.W. Warraner they found that the said land in questioned belongs to the rightful owners of Lettuce Beall Frazier and Emily Oliver due to it being their Homestead. The Homestead Act also protected Lettuce Beall Frazier and Emily Oliver's un-severed assets {Texas Property Code Chapter 41 & 42}. The property remained in Lettuce Beall's possession for more than 30 years until her death. The court saw the rightful owners being Lettuce Beall Frazier and daughter Emily Oliver by means of Homestead Act, and probated Will from former husband James R. Oliver. {Source: minutes, Book C Pg. 250 Minutes District Court, Gregg County, Texas, {Source: Minutes, Book C, Pg. 252} Minutes District Court, Gregg county, Texas,
{Source: Minutes, Book C, Pg. 311} Minutes District Court, Gregg County, Texas *(Exhibit J).*

8. **(02-12-1917)** Alleged A.A. King paid Annie Hart (which is the daughter of Emily Oliver) for her only interest in said property located in the P.W. Warraner Survey for $1500.00 and no cents. The deed states that Annie Hart is the sole and surviving heir of Lettuce Beall and Emily Oliver. Annie Hart was not the sole heir of Lettuce Beall Oliver Frazier and Emily Oliver. The deed should have only stated her interest to the said tract of land *(Exhibit K).*
(05-25-1918) A.A. King along with C.R. Floury and J.T. Florence deeded the same property located at P.W. Warraner back to Annie Hart, but this time including her sister Bell Thompson Holmes and the rest of her siblings, (the rest of the heirs), but he stated her as the only heir. The deed named Annie Hart, Bell Holmes, and John Holmes in the amount of
$1,742.50 paying the amount out in a four-year installment. Bell Holmes and John Holmes never sold their interest to A.A. King *(Exhibit L).* (05-29-1919)

A.A. King applies a foreclosure judgment against Annie Hart for the entire property located in mentioned land above, instead of taking her said interest in the property *(Exhibit M)*. (11-22-1920) Annie Hart vs. A.A. King, and states within the case that she borrowed $100 from A.A. King to purchase a mule and with him having knowledge she could not read, had her sign a deed to her interest in said property *(Exhibit N)*. (05-06-1921) one year later A.A. King has a judgment rendered to remove everyone including Walker Thompson from the premises of P.W. Warraner which was their homestead *Wilcox v. Marriot 103 S.W.3d 469, 472* (Tex. App.- San Antonio 2003, pet. Denied), this document would put A.A.King in the household with the Annie Hart and others, because he later claims adverse possession from the years 1918 to 1931. *(Exhibit O)*.

9.  **(1910 and 1920 Federal Census)** The 1910 census shows A.A. King living 3 farms down from his father J.S. King, who owned 175 acres of property out of the Mary Van Winkle survey. A.A. King and Lottie King are shown to be living near the Butts and Rice families. Per the 1920 census, A.A. King is still shown to be living on or around the same property near the Butts and Rice families, being the same residence and/or homestead *(Exhibit A-1)*.

10. **(07-19-1923)** A.A. King signs a Destination of Homestead affidavit to prove the destination of his homestead to obtain a loan from Federal Land Bank of Houston against other property owned by him. {Deed Records Vol.47 Pg. 80-82, Gregg County, Texas} *(Exhibit P)*. A.A. King demonstrates his homestead being located in the Mary Van Winkle survey. A.A. King reveals that the first and second tracts of property out of the Mary Van Winkle survey are a part of his homestead with the third tract being a part of the P.W. Warraner survey which is not near the Mary Van Winkle survey. The Destination of Homestead states and designates that *his homestead is a part of the* following tracts of property. First Tract out of the Mary Van Winkle survey, containing **2 acres** of land, Second Tract out of the Mary Van Winkle survey, containing **16 acres** of land. Third Tract, the south **182 acres** of the following described tract of land apart of the P.W. Warraner survey. He goes on by adding up the first, second and third tract of property coming up with (200) or more acres. Mary Van Winkle **2 acres** + Mary Van Winkle **16 acres** + P.W. Warraner **182 acres** = 200 acres of property which he is claims as his rural homestead. P.W. Warraner and Mary

Van Winkle surveys are not near enough to one another to claim all three tracts as one homestead, making the property's legal description inaccurate *(Exhibit A2)*. Previously shown, A.A. King's homestead is within the Mary Van Winkle survey. He is claiming 182 acres of P.W. Warraner as his homestead, there is no valid proof that he, his wife Lottie King or any of his heirs lived on P.W. Warraner or that he actually cultivated, tended to or peaceably possessed it as their homestead. No heir of Lettuce Beall Oliver has ever been to court with A.A. King or the heirs under him concerning any adverse possession claim of the property located in the P.W. Warraner survey, nor has he or any of his heirs been to court to prove that they have or had a valid claim of adverse possession.

They (A.A. King and those under his heirship) have only conveyed property without the consent of Lettuce Beall and the heirs under her for many years by using an adverse possession claim through tacking after forcibly removing them from their legal homestead.

11. **(Years 1924-1925)** Based on Longview Cowards Directory, A.A. King's resident shown to be located in Longview, Texas. This directory shows that the letter "r" represents residence; A.A. King and Lottie King are shown to be living on 312 South Center St. Longview, Texas away from P.W. Warraner Survey in Kilgore, Texas *(Exhibit Q)*.

12. **(02-27-2008)** The location and the time frame of A.A. Kings moving away from the property located in Kilgore, Texas is confirmed by A.A. King and Lottie King's granddaughter Lottie Guttry whom stated that because her grandfather dealt with notorious people, he decided to send his daughter Viola King Lipscomb Kinsey (*Lottie Guttry's mother*) to a safer school in Longview, Texas; Longview High School. By calculating Viola's age of 97 years when she passed away in 2007, it would put her between the school ages of 14 to 15 years old in 1924-25, which would be a valid age for her to attend Longview High School. Since A.A. King is shown to have moved away from the mentioned property which he claimed as his homestead, then his claim would **not** have been **continuous** under *Tex. Civ. Prac. and Rem. Code 16.021* concerning adverse possession *(Exhibit R)*.

13. **(Year of 1930)** On the 1930 Federal Census, A.A. King and his family are shown to be living near College Street. College Street intersects Center Street in Longview, Texas, and there is not a Center nor College Street located in the

P.W. Warraner survey in Kilgore, Texas. As an adverse possessor, you must act as an owner would, and an owner would show residency of where he currently resides as an owner or someone acting as so. This would prove that adverse possession statues never commenced during the time the witnesses to his adverse possession claim signed the Adverse Possession Affidavit, since the year 1930 to the time of his claim (1 year) would not be enough to meet the five, ten or twenty-five-year statute of limitations under *Tex. Civ. Prac. and Rem. Code 16.021. (Exhibit S) (Exhibit T-REMOVED)*.

14. **(Year 1933 A.A. King vs. A.P. Merritt)** The plaintiffs are A.A. King and others, and the defendants are A.P Merritt and John Henry Williams. A.A. King is claiming 4.17 acres of land described by metes and bounds out of the Mary Van Winkle head right survey of Gregg County, Texas. The plaintiffs alleged ownership of the land in fee-simple title, and also by **adverse possession** under five and ten-year statute of limitations. This property was once owned by J.S. King (A.A. King's father) which 175 acres was conveyed to him (J.S. King) October. 10, 1890. The court finds defendant John Henry Williams to be the owner of 3 acres out said property of the 4.17 acres in question. A.A. King and his wife are shown to have occupied only 1.17 acres of property instead of the

    4.17 acres of property claimed out of the Mary Van Winkle survey by **adverse possession**. The 1.17 acres mentioned was also deeded to A.A. King and his wife through quit claim deed by John Henry Williams in January 1932. The case goes on to state that the property located in the Mary Van Winkle survey was occupied by J.S. King, his wife and children as their homestead. If A.A. King is claiming to occupy and adverse possess property out of Mary Van Winkle as stated in the attached exhibit *(Exhibit A-3)*, then this would confirm that he claimed adverse possession of two properties which conflict with one another from the years **1923 to 1932**, while also claiming adverse possession of P.W. Warraner from the years **1918 to 1931** making him occupy two homesteads at once, against *Tex. Civ. Prac. & Rem. Code 16.021* and Texas Homestead act. *(Exhibit A-3), (also see Exhibit A2)*.

15. **(10-15-1930)** A.A King signed the first oil and gas mining lease with J. R Stebbins, without ownership of the described un-severed property. *(Exhibit A-6)*

16. **(02-06-1931)** Mineral Deed and Royalty Transfer (Mineral Deed #1008) between A.A. King and Sun Oil Company.

17. **(03-11-1931)** A.A. King witnesses (per se) files an Affidavit of Adverse Possession under Lettuce Beall Oliver Frazier and her heirs (a true owner by will duly probated), dated back to 1918, tacking 47 years of her years as an adverse possessor and his 13 years as an adverse possessor to equal more than 60 years to satisfy adverse possession requirements in Texas in 1930. A.A King's witnesses obviously did not know a person cannot adverse possess an active homestead of a true owner, as well as tack on the owner years with years of his as an adverse possessor. Lettuce Beall Oliver Frazier and Emily Oliver were owners and not adverse possessors or (Squatter's) of the property located in the P.W. Warraner survey *(Exhibit U)*. The heirs were forced to move by way of physical harm and threats from their property which was not hostile. {Source: Live witness gives deposition in lawyer's office; video recorded as well as sound mind with knowledge of family history whom lived in that time when A.A. King forced Lettuce Beall's heirswith guns and bodily harm to leave the property.} *(Exhibit Z)*. There are many issues found within this affidavit which was created to claim adverse possession. The claim is under Lettuce Beall and her heirs. It never mentions who the heirs are by name. Since these heirs would have to be participants in transferring title through tacking of adverse possession, it would be helpful to know who they are, to determine the rights to transfer their years, or any interest as a claimed adverse possessor, and if there was any privity. An Actual attempt of Adverse Possession would allow King to convey the property in his and his heirs name instead of using Lettuce Oliver name on it in 2002 and now. The oil companies have decided upon their discretion not to do a title search due to the finding of non-ownership through, Adverse Possession. The property was never abandon nor open for squatters. The Adverse Possession law of today shows no evidence of how a person can Posses property in such a manner in either code located in the Texas Property Codes. Adverse possession refers to circumstances under which one may lawfully lay claim to ownership of property not originally one's own. The statute governing adverse possession is Civil Practices & Remedies Code sections16.021 et seq. It defines adverse possession as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Case law adds that it must be true

that the possessor of the property *actually does* openly possess it (the belief of entitlement to possess is insufficient), has possessed it *continuously* for the statutory period (sporadic possession is insufficient), and that the possessor *peaceably* asserts a claim of right *adverse* to and *exclusive* of all others (possession shared with an owner is insufficient). All of these are fact issues for a court to decide. *Kinder Morgan N. Tex. Pipeline, L.P. v. Justiss*, 202 S.W.3d 427, 438 (Tex. App.—Texarkana 2006, no pet.). It is not enough to be merely caring for property temporarily, or even paying the taxes on it, until the owner reappears. One can pay taxes on someone else's property for years, but if other adverse possession requirements are not met, then those payments are nothing more than a gift to the owner. So you want to make an express adverse possession claim to the "West 40 acres north of the railroad tracks?" Not good enough, at least not if you will be utilizing an adverse possession affidavit. The location and boundaries of land claimed must be determinable with reasonably certainty, and that means there must be a proper legal description (lot and block or metes and bounds). This may necessitate a survey, especially in the case of rural property. One alternative is to obtain such a survey first and then file an affidavit of adverse possession with the survey attached as an exhibit; another option—if it is urgent to put an instrument on record immediately—is to file the affidavit with the property description as it is currently available and then later amend the affidavit to include the full metes and bounds. Adverse possession rules are specific for a reason. As the Texas Supreme Court has stated, the adverse possession "doctrine itself is a harsh one, taking real estate from a record owner without express consent or compensation." *Tran v. Macha*, 213 W.W.3d 913, 914 (Tex. 2006). The statute sets forth rules and conditions under which the doctrine applies, and these must be conclusively met. Close enough is not good enough. In the event adverse possession is litigated, all issues become questions of fact to be decided by the court. Adverse possession as to properties (sometimes dozens of them) that they perceive to have been "abandoned." These are often foreclosed houses owned by lenders that are currently sitting idle. The statute does not **contemplate or condone** the use of the adverse possession rules as a business plan for aggressive investors. In fact, such a strategy expressly involves breaking and entering, filing false instruments, slander of title, and

fraud. Accordingly, district attorneys in Texas have begun prosecuting such offenses. No reputable attorney will assist a client in taking such actions. Reference (LONESTARLANDLAW.COM) David J. Willis Attorney.

18. **(05-22-1931)** Mineral Deed #1008 Release, Sun Oil and A.A. King

19. **(05-23-1931)** Humble Oil did an oil and gas lease with A.A King

20. **(08-29-1931)** Case# 317-B consists of Bell Thompson Holmes Walker who took A.A King to court for Trespass to Try Title concerning the loan from the 1921 Judgment when Annie Hart and her siblings were removed from their homestead. Within King's answer to trespass to try title suit, King stated "He and those under whom he claims have had and held peaceable, continuous <u>adverse possession</u> of the land described in the plaintiff's petition, cultivating, using and enjoying the same and paying all taxes due their own, and claiming the same under deed or deeds duly registered, for more than five years preceding the filing of this suit", etc. This is the same property which King claimed adverse possession through tacking under Lettuce Beall Oliver and **her heirs**, which included Bell Holmes (youngest daughter of Emily Oliver) whom was living on the property during his claim before being ejected from said property in 1921 by A.A. King due to a mortagage which was allegedly not paid. Due to Bell Walker's ignorance of the law, she was not aware that she was one of the heirs under A.A. King's adverse possession claim, a claim which hadn't any validation or supporting facts. If King won the said property by alleged judgement from unpaid mortgage claim, he wouldn't have any reason to claim the same property twice by (Adverse Possession & Default Foreclosure).This suit also involved J.R. Cheek as an intervener into said case against A.A. King and Sinclair Oil and Gas.

21. **(12-02-1931)** John Holmes, the ex-husband of Bell Thompson Holmes Walker conveys any interest in said land and minerals which he may own out of P.W. Warraner to A.A. King. The minerals being alleged to have been owned by Sinclair Oil and Gas by conveyance from J.R. Stebbins on October 30ᵗʰ, 1930 *(Before A.A. King's adverse possession claim of un-severed property March 11ᵗʰ 1931.)*

22. **(12-4-1931)** Two ratifications were agreed to, one to Sinclair Oil and Gas from J.R Stebbins and another from Nick Babare conveying 366.7 acres of P.W. Warraner to A.A King and Sinclair.

23. **(12-5-1931)** Sinclair pays a settlement of $15,000 concerning the Trespass to Try Title lawsuit, cause #317-B. *$7,500 was paid to the account of Bell Walker and*

$7,500 was paid to J.R. Cheeks (the intervener in case #317-B), but surprisinly she lost the lawsuit after the settlement. According to the judgment, Belle Walker quitclaimed her portion of property to Sinclair Oil and Gas after she took time to file a Trespass to Try Title lawsuit to protect her interest and after Sinclair Oil and gas *settled* with her for property/interest which they previously claimed to have owned.

24. **(12-5-1931)** Another ratification was done from J.R Cheek to A.A King and Sinclair

25. **(12-5-1931)** Cranfill & Germany Quit Claim Agreement with Sinclair on 366.7 acres.

26. **(10-12-1934)** Sun Oil Company sued A.A King and Sinclair et al for ejecting them from the said property located in P.W Warraner to regain possession of property and minerals and premises. The ruling was made in favor of Sun Oil to receive royalty interest forever without a commitment of drilling.

27. **(1931-1936 Quit Claim Deeds/Case #736-B)** The heirs of Nathaniel Howell Sr. were told by A.A. King, Sinclair Oil and Gas, Humble Oil and Sun Oil that they had no *claim of any property, and that all property was adversely possessed by James R.* Oliver and Lettuce Beall Oliver, but were told they should quit claim any interests they may have owned. The quit claim deeds were invalid due to them being signed under the heirship of Lettuce Beall and her heirs, those who signed under her were not her legal heirs, but the legal heirs of her parents Nathan Howell and Mariah Howell whom were her siblings (*Zanie Howell Jackson, Matthew Howell, Joe Howell, Ike Howell, Ann Howell Wallace Daniels, Jane Howell Tolbert, Nathan Howell Jr.*) *(Exhibit A-5)* This transaction was concerning the 366.7 acres of property which was a part of the P.W.

Warraner survey which 120 acres more or less was deeded to James R. Oliver by S. Slade Barnett from the estate of Tabitha/Talitha C. Barnett and 30 acres more or less of those 120 acres were sold to W.H. Leach to pay off James R. Oliver's debt. The signing of these quitclaim deeds occurred after the fact that he (A.A. King) claimed adverse possession, and the heirs of Harriet Alford, the oldest daughter of Lettuce Beall Oliver never signed any quit claim deed to A.A. King or anyone else during that time or now. *(Exhibit A-5)*

28. **(05-21-1964)** A.A. King, his heirs and others also claims Adverse Possession against Delia Farrow located at W.R. Loving survey located in Tarrant County, Texas in

1924. He's showing to be in adverse possession under two counties, both Gregg County, Texas and Tarrant County, Texas. *(Exhibit X)*.

29. **(6-24-2015)** Myself and other family members including an heir of Lettuce Beall Oliver made an unscheduled visit to Breitburn Headquaters located in Houston, Tx. We met with Pat Barrett (Head Landman) and Chris Canon (Regional Land Manager). We informed them both about our ownership in the property located in P.W. Warraner survey and informed them that we had been in correspondance with their company since April 2015via email. We were very concerned that Breitburn did not see the fraudulent activity in their title search. However, after being informed by Breitburn's head landman that Breitburn did not conduct a title search nor a title opionion, it was made more clear why they did not see the true owners. Pat Barrett stated that Breitburn did not do a title search because they were given a package deal. My family and I explained that drilling needed to cease due to a cloud on the title, then we were told by Chris Canon the regional land manager that he needed about two weeks to look into

everything and that a lot of people were involved and that it could get messy.

30. **(6-30-2015)** On June 30th, 2015, less than two (2) weeks after our visit to Breitburn Headquaters in Houston, Texas, a Mortgage/Deed of Trust  which appears to be dated June 4th, 2015 from Breitburn Operating, LP, QRE Operating, LLC and Transpetco Pipeline Company, LP to U.S. Bank, National Association was filed in the Gregg County Deed Records. This document included leases which concerned our property located in P.W. Warraner survey (along with other leases, right of ways and easements), even though there was enough time to remove the property from this document until resolution was met. This document was prepared by and returned to Kirkland & Ellis, LLP

31. **(08-13-2015)** The heirs of Harriet Alford and Lettuce Beall Oliver have filed a dispute to A.A. Kings claim of peaceable, continuous and Exclusive adverse possession, due to lack of evidence showing that all elements under adverse possession requirements being successfully met *(Exhibit Y)*.

30. **(10-15-2015)** Alice Barryer Lynch, a direct heir of Lettuce Beall Oliver temporarily signed her (4.35%) interest over to her daughter Felicia Pierce. *(Also refer to Exhibit Y to view a copy of the Affidavit of Heirship)*

ONLY ONE ELEMENT HAS TO BE PROVEN IN ERROR OR INCORRECT OR NOT MET IN AN ADVERSE POSSESSION ATTEMPT TO VOID IT AND REMOVE THE CLOUD FROM THE TITLE WHICH SHOWS THE HEIRS OF LETTUCE BEALL OLIVER FRAIZER CLAIM IS RIGHTFULLY THEIRS BY PROBATED WILL AND TEXAS ESTATE LAW.

## TRESPASS TO TRY TITLE

Each and every allegation contained in the above paragraph is re-alleged as if fully stated herein. The heirs of Harriet Alford and Lettuce Beall Oliver have title to approximately 366.7 acres more or less situated in the P.W. Warraner. The heirs' right of possession through title is sufficient to warrant judicial interference and A.A. King and those under him claimed interest under an adverse possession claim with Lettuce/Lettie Beall caused a cloud on the title on record, and Andrew Riley, Debbie Blalack and East Texas Salt Water Disposal, Bruce Broyles Sr., Ricky Davis, James C. Pee and CitiFinancial company have continued cloud our title whether aware or unaware, which is disturbing to the heirs of Lettuce Beall Oliver against their lawful possession. The heirs of Harriet Alford daughter of Lettuce Beall Oliver hold title superior to that of any interest claimed by Andrew Riley, Debbie Blalack and East Texas Salt Water Disposal, Bruce Broyles Sr., Ricky Davis, James C. Pee and CitiFinancial Company. Heir(s) of Harriet Alford daughter of Lettuce Beall Oliver seeks to prevail by trespass by title to their properties and said adverse claim through tacking. Our possession was interrupted through false documentation through A.A. King on or around the 1920's. We will show the court direct evidence and through merits our continuous and legal title of ownership that will be concurrent with the laws of the 1930's and now. We the Plaintiff(s) will show that we have a lawful right to possession then and now. We will also show how the defendants' trespass caused injury to the plaintiffs' right of possession.

## SLANDER OF TITLE

Each and every allegation contained in the above Paragraphs is re-alleged as if fully stated herein. A statement can be "uttered" orally or in writing. See, e.g., Duncan Land & Expl., Inc. v. Little page, 984 S.W.2d 318,332 (written affidavit supported claim for slander-of-title.) Even though the name of the cause of action- slander of

title- suggests that it protects against oral communication only, the term "utter" is more expansive and means "to say, express, or publish" or "to put or send (a document) into circulation." The heirs of Harriet Alford, oldest daughter of Lettuce Beall Oliver has title and interest due to deed and probated will and heirship. The property was un-severed upon purchase from the Texas land grant. A.A King signed a mineral deed before having valid possession of the property. Neither A.A. King, nor his heirs ever had any rights or interests, through heirship, or deed to sever the property or by continuing to server the property. The damage caused the property to be taken and conveyed without our knowledge and/or permission. The monetary gain was never in favor for the rightful owners or the heirs that fall under Harriet Alford. We lost 85years or more in possession and monetary gain due to the Slander of Title of A.A.King and the heirs that still circulate the document from the year 1931 to the present year for conveying purpose. The heirs of A.A. King sold our property without our knowledge or permission to Strother Timberland LTD and later in 1999 sold it to the current possessors of P.W. Warraner. This affidavit was an invalid document of statement which caused **slander of title**. The document was merely an attempt of adverse possession in which statue has never commenced. The statute of limitations for slander of title is deferred due to the legal malice of deceitfulness of filing the adverse possession affidavit under the mineral deeds instead of including the proper legal description and filing the document in the proper format in the deed records. Continuing-tort doctrine involves a repeated injury proximately caused by repetitive wrongful acts, not a continuing injury arising from one wrongful act. Under this doctrine to cases in which a court can enjoin or otherwise terminate the tortuous conduct. See e.g., Newton v Newton, 895 S.W.2d 503, 506 (Tex.App.-Fort Worth 1995) (applied to action for intentional infliction of emotional distress.) The <u>discovery rule</u> upholds when information is undiscoverable, which this document was undiscoverable under real property records due to the format used to file it. This affidavit was located around February or March of 2015 by the plaintiffs, we can prove this verifiable since it is still on file and can be located in the mineral deed records today. We the true title holders to said property were deprived of possession of un-severed land because of this false document. For more than 85 years we have suffered from this invalid document which was used to slander our title. The reinstatement of our title will allow the heirs to recover the expense of the property at a reasonable price from the present time. Also; other damages were caused by the

illegal severance of our property without permission from the owner/ current heirs.
Since our title is publically recorded and on file in the Gregg County Deed Records,
anyone claiming to be Bona Fide purchaser could not claim superior title to that of the
heirs of Lettuce Beall Oliver. The use of this adverse possession affidavit by A.A.
King and those under him caused the original owners' dispossession.

## TEMPORARY AND PERMANENT INJUCTION RELIEF

Each and every allegation contained in the above Paragraphs is re-alleged as if fully
stated herein. In accordance with the declaratory judgment requested, the heirs of
Lettuce Beall Oliver also petition the Court for the permanent and final injunctive
relief needed to effectuate this Courts binding judgment. We respectfully seek an
order permanently enjoining the Defendants from taking any action that might in any
way interfere with the correct heirs of Harriet Alford and Lettuce Beall Oliver
exclusive ownership, use, and control of said property mentioned above as
adjudicated by this Court. The purpose of the Permanent Injunction is to grant
Injunctive relief to the plaintiffs who are entitled as part of the final judgment after a
trial or hearing based on only the merits. {CPRC section 65.011}.

## SUIT TO QUIET TITLE

Each and every allegation contained in the above paragraph is re-alleged as if fully
stated herein. The heirs of Harriet Alford (oldest daughter of Lettuce Beall Oliver) and
Emily Oliver has title to approximately 366.6 acres more or less within the P.W.
Warraner. The heir's right of ownership is sufficient to warrant judicial interference,
and the heir or heirs of A.A. King claimed interest under an adverse possession claim
with Lettuce/Lettie Beall Oliver caused a cloud on the title on record which is
disturbing to the heirs of Lettuce Beall Oliver against their lawful possession. Because
the heirs of Lettuce Beall Oliver hold title superior to that of any interest claimed by
**one heir** or any heirs of A.A. King or the listed defendants. Heir(s) of Lettuce Beall
Oliver seeks to quiet title to their properties and said adverse claim through tacking.

## CAUSES OF ACTION FOR DECLARATORY JUDGMENT

Each and every allegation contained in the above Paragraph is re-alleged as if fully stated herein. Under Masterson v. Diocese of Northwest Texas, 422 S.W. ed 594, 607 (Tex. 2014), the law applicable to this dispute is clear: "Texas courts must use only the neutral principles construct" "to determine property interest". Accordingly, Felicia Pierce, seeks declaratory relief, recognizing that, "on the basis of language of the deeds, the terms of the documents, the state statutes governing the homestead of the rightful title owner, and the provisions in the constitution of the heirs of Lettuce Beall Frazier and Harriet Alford, concerning the ownership, and control of P.W. Warraner survey, all property held by the heirs of Lettuce Beall Oliver or title in its name.

## POST STATEMENT OF CLAIM

The Operating Oil Company has a Policy and Procedure to protect their business and interest when it comes to signing a new lease or extending a current lease. Prior to drilling a well, an oil company will have a law firm prepare a drilling title opinion. Some firms also refer to these opinions as an original title opinion. The title opinion identifies all who would have an interest in the oil, gas and other minerals in the lands upon which a well is to be drilled. It will identify problems or any issues in each owner's title and make requirements that specify solutions to these issues so the oil company can be fully assured that it has purchased the right to drill for and produce oil and gas from the right parties. These solutions are called "curative measures." The main idea with a drilling title opinion is to reduce the risk of title failure caused by a third party that is unleased claiming an interest in the well once it has been drilled. Unleased parties are disastrous for an oil company, because they essentially have the right to a free well, and 100% royalty; the oil company is left only with the recoupment of some drilling costs, and often times is left millions of dollars in the red. A good title attorney will give an accurate division of interest, skillfully recognize the pertinent title issues, and will describe easy to understand curative measures. As stated before, Breitburn Energy LP., Breitburn Operating LP etc. stated there was no title opinion nor title search completed due to a package which they received and agreed

to. Breitburn also stated in 2015 their title opinion matches Sinclair Oil and Gas title opinion, which happen to be completed in the 30s. The conveyance in this property has been fraudulent for over 85 years+.


## RULE 161 WHERE SOME DEFENDANTS ARE NOT SERVED


As to TRCP 39, **TRCP 161** states under *Abatements and Discontinuance of Suit:* When some of the several defendants in a suit are served with process in due time and others are not so served, the plaintiff may either dismiss as to those not so served and proceed against those who are, or he may take new process against those not served, or *may obtain severance of the case as between those*

served and those not served, but no dismissal shall be allowed as to a principal obligor without also dismissing the parties secondarily liable except in cases provided by statue. No defendant against whom any suit may be so dismissed shall be thereby exonerated from any liability, but may at any time be proceeded against as if no such suit had been brought and no such dismissal ordered. (*see Gideon v. Williams, Tex 1954.*)


## RULE 41. MISJOINDER OR NON-JOINDER OF PARTIES

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be served and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time *of submission to the jury or to the court if trial is without a jury, on such terms as are* just. Any claim against a party may be served and proceeded with separately.

## **PRAYER FOR RELIEF**

For the reasons stated above, we the plaintiffs pray for a Quiet Title,
Declaratory Judgement, Temporary and Permanent Injunction Relief Trespass
to Try Title and its favor and Slander of Title relief as follows:

1.  **Merit rule of law**- recognizing the direct evidence that we have entered into the court which proves we still hold title to said property.

2.  *We pray that the decision be solely based on merits and evidence rather than procedural process.*

3.  We pray for clear title from 1931 to current date without the interference of any one or multiple defendants, or anyone else through an adverse possession claim under *Lettuce/Lettie Beall Oliver or those under her and for it being her and her heirs'* Homestead under the Texas Homestead Act 1862.

4.  We request that all quit claim deeds signed concerning and associated with said property under the probated will to Lettuce Beall and Emily Oliver be set aside without validity and that the court recognizes there is no proof of any quit claim deed or any other conveyances by Harriet Alford (the oldest daughter of Lettuce Beall Oliver) or those heirs under her.

5.  We pray that the court utilizes the **Fair Act** which upholds right from wrong no matter which procedure is/was missed and we pray for leniency from the court.

6.  We pray for ruling in our favor with prejudice.

7.  We pray for justice for our family for all such other further general and equitable relief to which plaintiffs maybe entitled to from the defendants.

8.  We pray for reasoning of joinder and non joinder.

**VERIFICATION**

I, the plaintiff in the above-entitled action, I have read the foregoing petition, and know the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Longview, Texas, Gregg County, Texas.

**SIGNED** this the 30th day of *April*, 2016

FELICIA PIERCE

**\*\*IMPORTANT\*\***

If you do not have a claim of interest in this lawsuit or would like to forfeit any potential claim, you have the right to withdraw from this lawsuit by filing a sworn affidavit of non-interest as your answer into this case. (*This is not legal advice, you should always consult with an attorney.*)