```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :     Chapter 11
BREITBURN ENERGY                                 :
PARTNERS LP, et al.,[1]                          :     Case No.: 16-11390 (SMB)
                                                 :
                       Debtors.                  :
-------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR REARGUMENT

**A P P E A R A N C E S:**

DOROTHY MAE COOLEY
*Pro Se*
1291 Harvest East
Traverse City, Michigan 49856

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Defendants*
767 Fifth Avenue
New York, New York 10153

      Ray C. Schrock, Esq.
      Stephen Karotkin, Esq.
           Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

      By *Memorandum Decision Expunging and Disallowing the Cooley Claims*, dated

Aug. 18, 2017 (the "*Memorandum Decision*") (ECF Doc. # 1513) and subsequent *Order*

*Granting Debtors' Fifth Omnibus Objection to Claims with Respect to Proofs of Claim*

---

[1]     The debtors in these chapter 11 cases (collectively, the "Debtors") are as follows: Breitburn Energy Partners LP; Breitburn GP LLC; Breitburn Operating LP; Breitburn Operating GP LLC; Breitburn Management Company LLC; Breitburn Finance Corporation; Alamitos Company; Beaver Creek Pipeline, L.L.C.; Breitburn Florida LLC; Breitburn Oklahoma LLC; Breitburn Sawtelle LLC; Breitburn Transpetco GP LLC; Breitburn Transpetco LP LLC; GTG Pipeline LLC; Mercury Michigan Company, LLC; Phoenix Production Company; QR Energy, LP; QRE GP, LLC; QRE Operating, LLC; Terra Energy Company LLC; Terra Pipeline Company LLC; and Transpetco Pipeline Company, L.P.

*No. 2053 and 2405 (Cooley Royalty Claims),* dated Sept. 11, 2017 (ECF Doc. # 1553) ("*Expunging Order*"), the Court expunged two proofs of claim filed by Dorothy Mae Cooley ("Cooley").  On September 25, 2017, as supplemented on September 26, 2017, the Court received a document faxed by Cooley entitled *Dorothy Mae Cooley Objects to Debtors Order Dated September 11, 2017, Disallowing and Expunging Claimants Prime Facie Proof of Claim No# 2053 and 2405, the Cooley Royalty Claims for Lack of Evidence: with Request for Proper Order Approving Claimant Prima Facie Proof of Claim* (ECF Doc. ## 1587, 1588) (collectively, "*Cooley's Motion*").[2]  The Court determined to treat Cooley's submission as a timely motion for a new trial or to alter or amend the *Order* pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, or for reargument pursuant to Rule 9023-1 of the Local Rules of this Court.  (*Order Regarding Cooley Claims*, dated Oct. 2, 2017 (ECF Doc. # 1605).)  The Debtors filed a timely opposition (*see Objection of Debtors to Motion of Dorothy Mae Cooley to the Order Dated September 11, 2017 Granting Debtors' Fifth Omnibus Objection to Claims with Respect to Proofs of Claim No. 2053 and 2405 (Cooley Royalty Claims)*, dated Oct. 16, 2017 (ECF Doc. # 1704)), and Cooley made several more submissions all of which focus on the two alleged errors discussed below.[3]

For the reasons that follow, Cooley's motion is denied.

---

[2]   The Court has corrected obvious typographical errors in the title of the document.

[3]   *See* ECF Doc. ## 1570, 1587, 1588, 1745, 1795 and 1873.

2

## DISCUSSION

Rule 9023-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rule 9023-1") governs the Motion and provides that a reargument "motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." The standards governing a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure apply to a motion for reargument under Local Bankruptcy Rule 9023-1. *3939 WPR Funding LLC v. Campbell* (*In re Campbell*), 539 B.R. 66, 75 (S.D.N.Y. 2015) (citation omitted); *Family Golf Ctrs., Inc. v. Acushnet Co.* (*In re Randall's Island Family Golf Ctrs., Inc.*), 290 B.R. 55, 61 n. 4 (Bankr. S.D.N.Y. 2003). The movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision. Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice. *Perez v. Progenic Pharm., Inc.*, 46 F. Supp. 3d 310, 314 (S.D.N.Y. 2014); *accord In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *accord Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012), and a motion for reargument is not an opportunity to present the case under new theories, secure a rehearing on the merits, or otherwise take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Vivendi Universal*, 861 F. Supp. 2d at 265 ("A motion for reconsideration is not an opportunity for making new arguments that could have been

previously advanced, nor is it a substitute for appeal.") (citations and internal quotation marks omitted).

The background to Cooley's claims and the reasons why the Court expunged them are set forth in the *Memorandum Decision*. *Cooley's Motion* and her other post-*Expunging Order* submissions argue that the Court erroneously concluded that she had received all of the royalties to which she is entitled. Her arguments emanate from two factual assumptions. The first concerns the division of royalties between Raymond Cooley, Cooley's father, and Jean Cooley, her stepmother, in their 1993 divorce. The Michigan matrimonial court awarded the oil, gas and mineral rights, which included the right to receive royalties pursuant to leases, 40% to Jean and 60% to Raymond, regardless of who held title to the rest of the interests relevant to the related real property. (*Memorandum Decision* at 4.) Cooley contends that the award was invalid on a variety of theories, and charges that Jean committed criminal contempt, fraud and larceny in the Michigan divorce proceedings. (*E.g.*, *Cooley's Motion* at 9-11.) The second, her predominant theme, involves Cooley's unswerving belief that she was Raymond's sole legatee, and she should receive all of the royalties that would have been due Raymond, and should not be forced to split Raymond's 60% share with her two siblings. (*E.g. id.* at 13 ("As a matter of law, the Trust of Raymond Cooley was atomically invalid; as a matter of law the wills [*sic*] sole named devisee [Cooley] tool [*sic*] absolute title.")

In essence, Cooley seeks to collaterally attack the Michigan courts' decisions and orders and wants the Court to reexamine the circumstances surrounding the divorce and the legal effects of Raymond's will. Notably, she does not contend that Breitburn

4

underpaid her if the divorce stands and Cooley and her two siblings are required to share Raymond's portion of the royalty granted in the divorce. For the reasons discussed in the *Memorandum Decision*, the Court declines to look behind the rulings of the Michigan courts. Accordingly, *Cooley's Motion* is denied.

    So ordered.

Dated:  New York, New York
         January 2, 2018

                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge